**Louis T. GEDEON, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. Nos. 63–1020, 63–1021.**

United States District Court
W. D. Pennsylvania.

March 18, 1964.

Tempest & Simmons, Monongahela, Pa., for Louis T. Gedeon, plaintiff.

Patrono & Edwards, Washington, Pa., for State Farm Mutual Automobile Ins. Co., defendant.

DUMBAULD, District Judge.

Louis T. Gedeon was the driver of an automobile in which his wife, a passenger, was killed in a single car crash. The defendant insurance company contended that there was no coverage by reason of the fact that the policy had been canceled because part of the premium had not been paid when due. The company refused to defend when Gedeon, as administrator, brought suit under the Pennsylvania Wrongful Death Act (12 P.S. §§ 1601–1603) on behalf of his children against himself as the negligent driver.[1] A judgment was rendered against Gedeon individually in the amount of $51,318.92 at No. 234 February Term, 1956 in the Court of Common Pleas of Washington County, Pennsylvania.

Gedeon then brought an action in assumpsit against the defendant insurance company in the Court of Common Pleas of Washington County, Pennsylvania, at No. 420 February Term, 1958. On January 21, 1963, the Supreme Court of Pennsylvania affirmed a decision in favor of the defendant insurance company in that litigation. Gedeon v. State Farm Mutual Automobile Insurance Co., 410 Pa. 55, 188 A.2d 320 (1963). The Supreme Court declined to pass upon two of the grounds upon which the Common Pleas Court en banc had rested its opinion: (1) The contention that the policy was not in force on the day of the accident because of failure to pay premiums; (2) That even if the policy were in force obligations to members of the insured's household were specifically excluded from coverage. The Supreme

---

1. For whatever it may be worth, we are told that the Washington County court records show an express renunciation and declaration by Gedeon that he, as the tort feasor, although he is the surviving spouse of decedent and hence enumerated in 12 P.S. 1602 as one of the specified statutory beneficiaries of a Wrongful Death action, disclaims and is not seeking any part of the recovery obtainable under the Wrongful Death Act.

Court based its decision solely upon the third ground that even if there were a breach of appellee's contractual obligation to defend, appellant had shown no damages resulting from such breach. This result followed because of the fact that appellant did not hire substitute counsel or spend any funds in defense of the wrongful death action against himself (410 Pa. at 57–58, 188 A.2d 320).

The Supreme Court expounded the triple obligation undertaken under a typical automobile liability insurance policy. The first obligation of the insurer is to indemnify the insured against liability. The second obligation is to defend the insured against any suits arising under the policy even if such suits are groundless, false or fraudulent. The third obligation is to act in good faith and with due care in representing the interest of the insured during the course of settlement negotiations or the trial of the case (410 Pa. at 58–59, 188 A.2d 320, 322). The opinion of the Supreme Court may be taken as an authoritative construction of the pleadings in the Washington County suit at No. 420 as limiting the claim there asserted to the breach of the obligation to defend. With respect to this obligation there were no damages, inasmuch as the individual defendant in the original suit did not hire any independent counsel or incur any other expenses.

The Supreme Court said: "The sole basis of the complaint is appellee's refusal to defend the wrongful death action. Appellant does not seek to recover $10,-000 under the indemnity clause,[7] nor does he allege a refusal to settle or other mishandling of the claim by appellee.[8] "

Footnote [7] on page 60 of 410 Pa., page 322 of 188 A.2d reads: "Such a suit in this situation would properly be brought by appellant in his representative capacity for the benefit of the children." Footnote [8] reads: "In fact, appellant conducted the defense of the wrongful death action himself."

Subsequently, on November 18, 1963, Gedeon in his individual capacity filed a suit in this Court at Civil No. 63–1020, alleging negligent handling of the claim and breach of fiduciary duty in failing to settle the case for $1,907.45, (an amount well within the policy limits). Gedeon here claims damages in the amount of the judgment against him ($51,318.92).

On the same date suit was brought against the defendant at No. 63–1021 by Gedeon as administrator for the benefit of his children, seeking damages in the nature of indemnity to the extent of the policy limits ($10,000.00).

With respect to the action for indemnity (that is, for violation of the first obligation of an insurer under Mr. Justice Cohen's three-fold classification) it might be thought that this action should be brought by the plaintiff in his individual capacity, since the judgment against him was in that capacity. Nevertheless, footnote 7 in Mr. Justice Cohen's opinion seems to indicate that suit might properly be brought by plaintiff in his representative capacity for the benefit of the children; and indeed this is permissible as a form of equitable execution or seeking to reach an asset available to satisfy the judgment obtained for the benefit of the children by plaintiff in his representative capacity against himself in his individual capacity.

Defendant now contends, first, that the suits are barred by the doctrine of res judicata as a result of the decision of the Pennsylvania Supreme Court at 410 Pa. 55, 188 A.2d 320; second, that the suits are barred by the statute of limitations; third, that the policy was not in force on the date of the accident; fourth, that the policy contains an exclusion from coverage which would prevent any member of the family of the insured residing in the same household of the insured from recovery; and finally, that the statutory beneficiaries under the Pennsylvania Wrongful Death Act are inadequately identified in Civil No. 63–1021 and in the original suit against Gedeon individually in Washington County at No. 234 February Term, 1956.

With respect to the issue of res judicata, defendant relies upon the principle

of Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 84 L.Ed. 329 (1940), to the effect that *res judicata* may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in an earlier proceeding, but also as respects any other available matter which might have been or should have been presented for that purpose. See also Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1876).

■ However, it is also explained in Cromwell v. County of Sac that where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points actually controverted, and not as to those which might have been litigated and determined. The plaintiff in that case was permitted to prove that he was a holder for value of certain bonds, even though in the prior proceeding he had failed to prove, with respect to other bonds of the same bond issue, that he was a holder for value.

Defendant here contends that it is the facts, rather than the legal theory, which constitutes a cause of action. However, the Supreme Court of the United States has said, in Baltimore Steamship Company v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927), that "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show."

■ Therefore, we believe that, especially in the light of the ambiguous intimations of Justice Cohen's opinion, that the Pennsylvania Supreme Court's decision is a bar only with respect to the one obligation of the insurer which was there involved (duty to defend) and does not bar the cognate obligations of indemnity and breach of fiduciary obligation.

■ However, with respect to Action No. 63–1020, relating to breach of fiduciary obligation, we conclude that no recovery can be had in this action upon that obligation of the insurer for the reason set forth in footnote 8 of Justice Cohen's opinion: the fact that Gedeon "conducted the defense of the wrongful death action himself." Hence the defendant insurance company cannot be properly charged here with mishandling of the claim when the fact is plain that it did not handle the claim at all, but that Gedeon himself conducted the defense of the original suit against him. If it be true that the case could have been settled for an amount less than the policy sum, it would seem that Gedeon can blame no one but himself for failing to effect a settlement at that figure.

It is true, of course, as pointed out in footnote 3 of the Cohen opinion, that the insurance company could have defended the action with the express understanding that it was not thereby admitting coverage. See Laroche v. Farm Bureau Mutual Automobile Insurance Company, 335 Pa. 478, 7 A.2d 361 (1939). Had the defendant adopted this course, then its duty to consider the best interests of the insured in settlement negotiations would have arisen. But in fact this was not done.

■ Coming to Civil No. 63–1021, we can not escape deciding the issue whether the policy was in force at the date of the accident. In considering this issue, and that of exclusion from coverage, we are rushing in where the Supreme Court of Pennsylvania has feared to tread. However, if we are correct in holding that the action to realize upon an asset of the individual defendant for the benefit of the statutory beneficiaries holding a judgment against him is not barred by *res judicata*, we are obliged to determine the issue whether the policy was in effect or not.

The facts with regard to this issue are as follows: The policy was issued on May 8, 1955, and by its terms was to extend to November 18, 1955. The date of the accident was August 11, 1955. The premium of $52.00 should have been paid on or before July 18, 1955, but was not; whereupon, defendant sent Gedeon a notice that the policy would be cancelled on August 7, 1955, unless payment was made. On July 26, 1955, plaintiff paid

$26.00. On August 12, 1955, the date after the accident, plaintiff paid the remaining $26.00. On August 25, 1955, defendant refunded to plaintiff $1.46, which the defendant intended to cover the five days from August 7 to and including August 11, 1955, at the rate of approximately 29.1¢ per day. This check was never cashed by plaintiff. No other refund was ever tendered at any time.

As stated in the dissenting opinion of Judge Cummins in the Court of Common Pleas of Washington County, Pennsylvania, under item 19 of the "Conditions" of the policy five days' written notice of cancellation to the insured was required. As the date of non-payment was August 7, 1955, the policy could not have been cancelled in accordance with its terms before August 12, 1955.

Moreover, under the terms of the policy, for the defendant insurer to be relieved of liability a lawful and timely tender or payment of the entire earned unearned premium on a pro-rata basis must be made in order for the cancellation of the policy to be effective. This was not done. It is uncontroverted that the first $26.00 alone would have carried the policy to August 18, 1955.

Having thus concluded that the policy was in force, we must now consider whether the exclusion from coverage relieves defendant of liability. Under paragraph (e) of the exclusions from coverage, it is provided in the policy that it shall not apply "to the insured or any member of the family of the insured residing in the same household as the insured".

Inasmuch as we are here dealing with statutory beneficiaries under the Pennsylvania Wrongful Death Act, and not with a claim for the benefit of the estate of Gedeon's deceased wife, it is clear that the fact that the person killed was plaintiff's wife is not controlling. We must inquire whether the statutory beneficiaries were persons "residing in the same household as the insured".

According to Gaydos v. Domabyl, 301 Pa. 523, 532, 152 A. 549 (1930), the statutory beneficiaries for whose benefit suit under the Act should be brought include *all* the children of the decedent, even though at trial a pecuniary loss to one or more of them only can be shown. At trial the verdict must be confined to the actual pecuniary loss shown to those damaged. But it seems that the verdict and distribution of the amount recovered must be made equally among all the children.

It is conceded here that there are children who did not reside with the plaintiff, and therefore are not barred from recovery by the exclusion from coverage in the policy. Whether any pecuniary damage was shown to those persons not disqualified under the policy, or whether any proportional diminution in the recovery should have been enforced, are issues which constituted proper matter of defense in the original suit against the defendant individually in Washington County which the defendant insurance company elected not to defend. Therefore, these points are foreclosed and cannot be raised now. We, therefore, hold that the exclusion from coverage in the policy does not relieve defendant from liability.

The same reasoning applies to the defense now asserted that the statutory beneficiaries were inadequately identified in the original suit. For purposes of Action No. 63–1021, it is sufficient that the beneficiaries of this action are sufficiently identified as being the same persons for whose benefit the original judgment in Washington County was obtained against the original defendant. This action, as has been stated, is merely in the nature of an ancillary action to apply an available asset to satisfaction of the original judgment against the individual defendant recovered in Washington County at No. 234 February Term, 1956.

It remains to consider whether the action here is barred by the statute of limitations. It appears that the verdict against the plaintiff individually was rendered on June 1, 1956. No motion for new trial or for judgment *non obstante*

*veredicto* was ever filed, but judgment was not formally entered on the verdict by the Prothonotary until November 25, 1957. Defendant contends that the actual entry of judgment is a mere formality and that after the expiration of the four day period for filing motions, the formal entry is a matter completely within the control of the successful party (or for that matter, either party) upon payment of the jury fee and filing a praecipe to enter judgment. Hence, the defendant urges, the statute began to run on June 5, 1956, not on November 25, 1957.

■ This argument would be impressive if we were not dealing with a printed insurance policy, which must be construed against the party preparing it.

■ Item 4 of the "Conditions" of the policy provides that "no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, or until the amount of the insured's obligation to pay shall have been finally determined either by *judgment* against the insured after actual trial or by written agreement of the insured, the claimant and the company" (italics supplied). Since the company has thus undertaken to prevent accrual of an action against itself until after "judgment" has been rendered against the insured after actual trial of the case, it seems plain that the statute of limitations did not begin to run until the entry of an actual judgment, as required by the policy terms. Consequently, the pending action is not barred by the statute of limitations.

For the foregoing reasons, defendant's motion for judgment on the pleadings must be denied. There being no cross-motion by plaintiff for judgment on the pleadings, it would be premature to enter judgment for the plaintiff in the amount of $10,000.00 (the policy limits). There may be lurking in the record pertinent controverted issues of fact to be determined by trial of the case, in accordance with the views set forth in this opinion.

### ORDER

And now, this 18th day of March, 1964, after argument, and for the reasons set forth in the foregoing opinion,

It is ordered that defendant's motion to dismiss Civil Action No. 63–1020 be, and the same hereby is, granted, and that said cause be, and the same hereby is, dismissed; and that defendant's motion to dismiss Civil Action No. 63–1021 be, and the same hereby is, denied.