Louis T. GEDEON, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.

No. 14923.

United States Court of Appeals
Third Circuit.

Argued Dec. 18, 1964.

Decided Feb. 26, 1965.

Paul A. Simmons, Tempest & Simmons (Arnold W. Hirsch Donora, Pa., on the brief), for appellant.

Francis H. Patrono, Patrono & Edwards, Washington, Pa., for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

Plaintiff Louis T. Gedeon brought this civil action in the United States District Court for the Western District of Pennsylvania, alleging that the defendant insurance company breached a duty owed to him as one of its policyholders. More particularly, Gedeon averred that the failure of the defendant to properly investigate and settle an automobile accident claim as required under his contract of insurance resulted in the entry of a personal judgment

against him in the amount of $51,318.92.[1] The district court granted the motion of the defendant for judgment on the pleadings on the ground that the fiduciary obligation to investigate and settle the claim never arose since the insurance company at all times refused to handle the claim.[2]

In 1955, plaintiff, while driving his car, had an accident in which his wife, a passenger, was killed. The defendant insurance company, concluding that Gedeon's policy had expired on the date of the accident and that the members of the family were excluded from coverage, disclaimed all liability and deemed itself excused from any duty to investigate, settle, or defend.

In his role as his wife's administrator and for the benefit of his children, Gedeon brought suit in the Court of Common Pleas of Washington County, Pennsylvania, against himself in his individual capacity.[3] Verdict was rendered for Gedeon as administrator in the amount of $51,318.92 on June 1, 1956, and judgment was entered on that verdict on November 25, 1957.

In 1958, Gedeon brought suit in assumpsit against the insurance company in the same court of common pleas, seeking damages in the amount of the judgment which had been entered against him. Relief was denied by the court of common pleas. On appeal, the Supreme Court of Pennsylvania discussed the three separate and distinct duties owed by an insurer to its policyholder under the contract of insurance. However, the court determined that the complaint before it stated only a cause of action for breach of the duty to defend, and held that whether or not there was a breach of that duty, the plaintiff had suffered no damage since he had expended no money in defending the lawsuit. Gedeon v. State Farm Mutual Ins. Co., 410 Pa. 55, 188 A.2d 320 (1963). The Supreme Court specifically declined to determine whether the insurance policy was in force on the day of the accident and whether any obligation to members of the insured's household was specifically excluded from coverage.

This action for breach of the duty to investigate and settle the claim was then brought in the district court, together with a suit for breach of the contract of indemnity. As we have previously indicated, the latter case is not now before us. In the case at bar, plaintiff sought recovery for the amount of the judgment entered against him in the earlier state court proceeding. The district court rejected the insurance company's contentions that the policy was not in force on the day of the accident and that liability could be denied on the basis of a clause excluding members of the insured's household from coverage. Neither of these findings is challenged here. The complaint, however, was dismissed by judgment on the pleadings on the ground that no fiduciary obligation ever arose.

As we are convinced that there was in existence a fiduciary relationship between the plaintiff and the defendant insurance company, and as we think that further proceedings are necessary to determine whether that duty has been breached, we are required to reverse the cause and remand for further proceedings.

1. Plaintiff has brought a separate suit against the insurance company for indemnity under his contract of insurance (Civil Action No. 63–1021). A motion by the defendant for judgment on the pleadings was denied in an opinion jointly treating that suit and the one here on appeal. Of course no appeal has been taken from the district court's decision in the indemnity action.

2. The district court also observed that as Gedeon himself conducted the defense at the original suit, he had no one but himself to blame for failing to effect a reasonable settlement. 227 F.Supp. 342, 345 (W.D.Pa.1964). But certainly, if the insurer had the duty to investigate and settle reasonably, it could not relieve itself of that obligation by compelling the insured to conduct his own investigation.

3. This wrongful death action was taken in accordance with the procedure authorized in Minkin v. Minkin, 336 Pa. 49, 7 A.2d 461 (1939).

On this issue, the district court held: "[T]he defendant insurance company cannot be properly charged here with mishandling of the claim when the fact is plain that it did not handle the claim at all, but that Gedeon himself conducted the defense of the original suit against him." Gedeon v. State Farm Mutual Ins. Co., 227 F.Supp. 342, 345 (W.D.Pa.1964). But this conclusion seems clearly incorrect in view of the opinion of the Supreme Court of Pennsylvania in the earlier proceedings between these very parties. The court there defined the nature of the fiduciary relationship created by the insurance contract in the following terms:

> " * * * [B]y asserting in the policy the right to handle all claims against the insured, including the right to make a binding settlement, the insurer assumes a fiduciary position towards the insured and becomes obligated to act in good faith and with due care in representing the interests of the insured. If the insurer is derelict in this duty, as where it negligently investigates the claim or unreasonably refuses an offer of settlement, it may be liable regardless of the limits of the policy for the entire amount of the judgment secured against the insured." Gedeon v. State Farm Mutual Ins. Co., 410 Pa. 55, 188 A.2d 320, 322 (1963). (Emphasis ours.)

This language makes it clear that the insurer's fiduciary obligations come into existence when the contract of insurance, containing an assertion of the right to handle all claims, becomes operative. The district court concluded that the insurance contract in the case at bar was in effect at the time of the accident, and as that finding is not challenged in this court, it necessarily follows that the insurer had a duty to handle the claim in a proper manner.

As we have previously stated, whether that duty was breached and the consequences of such a breach pose issues of fact which require that the cause be remanded to the district court.

In each suit brought in the district court, the insurance company interposed the defenses of res judicata and statute of limitations. Although the suits were not consolidated, the court dealt in its opinion with both and rejected the defense of res judicata as to each of them. It is, however, entirely unclear whether its rejection of the statute of limitations defense was intended to apply to the case at bar as well as the suit for indemnity. Each of the causes was founded on a quite distinct theory of action: one, for a breach of fiduciary duty; the other, on a claim for indemnity. Fixing the statutory period and determining the point at which a cause of action arose are matters which must be determined on the basis of full knowledge of the facts supporting the applicable theory of action. As facts not presently in the record may be essential in making such a decision, this matter also must be left for further consideration by the district court.

We agree with the district court that the action before it was not res judicata. The decisions are uniform in holding that the defense is only good if the cause of action in the prior suit and the one at bar are identical. Seigfried v. Boyd, 237 Pa. 55, 85 A. 72 (1912); Helmig v. Rockwell Mfg. Co., 389 Pa. 21, 131 A.2d 622, cert. denied, 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44 (1957). Certainly the opinion of the Supreme Court of Pennsylvania in Gedeon v. State Farm Mutual Ins. Co., 410 Pa. 55, 188 A.2d 320 (1963), is dispositive here. There the court made it clear that, under the automobile policy here in issue, the insurer undertakes three distinct obligations,[4] "each

---

4. The court set out the following duties: (1) to indemnify for loss for the amount of coverage under the policy; (2) to handle the claim; (3) to defend any lawsuit against the insured.

of which involves different elements of proof to establish breach thereof, and from the breach of which different measures of recovery result." Gedeon v. State Farm Mutual Ins. Co., supra, 188 A. 2d at 321. The court also held that breach of each of these duties gives rise to a distinct cause of action. Gedeon v. State Farm Mutual Ins. Co., 188 A.2d at 322. Since the former state court action was one for breach of the duty to defend only, this action for breach of the duty to handle the claim is not barred.

The judgment of the district court will be reversed and the cause remanded for further proceedings in accordance with this opinion.