Louis T. GEDEON, Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

Louis T. GEDEON, Administrator of the Estate of Elaine Edith Gedeon, deceased, Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

Civ. A. Nos. 63-1020, 63-1021.

United States District Court
W. D. Pennsylvania.

Sept. 12, 1966.

Paul A. Simmons, Tempest & Simmons, Monongahela, Pa., for plaintiff.

Francis H. Patrono, Patrono & Edwards, Washington, Pa., for defendant.

## OPINION

DUMBAULD, District Judge.

The facts in this case are set forth in prior opinions, 227 F.Supp. 342 and 342 F.2d 15. Trial has been held to resolve the issues remaining open under the opinion of the Court of Appeals: (1) Was there a breach of the fiduciary duty of the insurance company to handle the claim against the insured? (342 F.2d at 16–17) and (2) Does the defense of statute of limitations apply to this cause of action? (342 F.2d at 17). We have reviewed all the points raised by the argument at the trial, but adhere to all that was decided in our former opinion except to the extent where the Court of Appeals has decided to the contrary.

Therefore, in No. 1021, the action for indemnity, it follows that defendant is liable to the limit of the policy, $10,000.-00. Credit for this amount should be allowed, in order to avoid duplication, if recovery in a larger amount is had in No. 1020, for breach of fiduciary duty subjecting the insured to judgment in an amount in excess of the policy limits.

Turning to No. 1020, we note that the insurer's duty, which according to the Court of Appeals (p. 17) originates when the policy takes effect, is twofold. It embraces (1) the duty to defend; and (2) the duty to negotiate in good faith for settlement. 410 Pa. 55, at 58–59, 188 A.2d 320.

As to (1), this duty is clearly contractual. A breach occurs so soon as the defendant declines defense of the suit against the insured. That event occurred on January 18, 1956. The statute of limitations therefore precludes recovery for this breach, this suit having been filed on November 18, 1963.

As to (2), breach of this obligation is also, according to Gray v. Nationwide Mut. Ins. Co., 422 Pa. 500, 508, 223 A.2d 8 (1966), contractual rather than tortious. Such a breach gives rise to an assignable chose in action (p. 510, 223 A.2d 8). In the *Gray* case, on demurrer, the Court assumed, as alleged, that the insurer did act in bad faith by refusing to settle with a claimant for an amount within the policy limits (p. 504).

But refusal to settle within policy limits is not a *per se* breach of the fiduciary duty. As stated in the Gray case (p. 511, 223 A.2d p. 13): "the insurer has nothing to fear so long as its refusal to settle is made in good faith."

Thus if the claim advanced is obviously unmeritorious and the insurer reasonably believes it can win the lawsuit, there is no breach of fiduciary duty in refusing a settlement offer, no matter how infinitesimal the amount, or how comprehensive the policy limits.

But we believe that the controlling consideration in dealing with the settlement of a suit against the insured is the merits (and likelihood of a recovery in excess of the policy limits) of the suit against the insured. It is not the insurer's likelihood of prevailing in a collateral controversy between insurer and insured as to the scope of the coverage of the policy or as to whether it was in force *vel non*.

The event constituting breach of the fiduciary duty to handle settlement negotiations in good faith is the refusal to accept a settlement offer which would be reasonably advantageous to the in-

sured in the light of all circumstances known at the time.

█ The statute of limitations would begin to run at that time with respect to such a breach of fiduciary duty. Guida v. Giller, 406 Pa. 111, 116, 176 A.2d 903 (1962).

█ Searching the record in the case at bar to determine when, if ever, such an offer of settlement was unreasonably refused by the insurer, we find that no such event ever occurred. There never came a time when an offer of settlement within the policy limits was made to and refused by the insurer.

Much was said at the argument about the insurer having refused an opportunity to settle the case for $1,907.45. This we believe refers to the proof of loss, dated October 5, 1955, submitted to the insurer, specifying that amount of loss under coverages C, F, and H for funeral expenses, towing charges and collision damage to the car. (PX A–2). Nothing was said about coverage A, dealing with public liability. (See policy PX A–1).

The suit under the wrongful death act by Gedeon in his fiduciary capacity against himself individually as a negligent driver was not filed until January 5, 1956, at No. 234 February Term, 1956 in the Court of Common Pleas of Washington County.

Hence the proof of loss dated October 5, 1955, cannot possibly be regarded as an offer to settle the suit not filed until the following January to establish liability which the insurer would be obligated to handle under coverage A of the policy.

It follows, therefore, that there never was a breach of the insurer's fiduciary obligation regarding settlement negotiations. Plaintiff's claim under this head is defeated, not by the statute of limitations, but on the merits.

### JUDGMENT

And now, this 9th day of December, 1966, for the reasons set forth in the foregoing opinion,

It is ordered that judgment be and the same hereby is rendered for plaintiff Louis T. Gedeon, administrator of the estate of Elaine Edith Gedeon, deceased, and against defendant State Farm Mutual Automobile Insurance Company, in the amount of $10,000.00, together with costs of suit and interest at the rate of 6% from and after November 25, 1957.