44701. COTTON STATES MUTUAL INSURANCE
COMPANY v. ATKINSON et al.

Argued September 2, 1969—Decided November 24, 1969.

Alston, Miller & Gaines, Michael A. Doyle, Lloyd T. Whitaker, for appellant.

Merritt & Pruitt, Glyndon C. Pruitt, C. E. Reeves, Jr., for appellees.

DEEN, Judge. 1. Assuming but not deciding that the plaintiff in this action was an additional insured under the policy of liability insurance issued by the insurer to Simonton, this places him in the legal position of a third-party beneficiary to the contract who, as such, would have a right at his election to claim or reject the coverage afforded him in that capacity. *Ericson v. Hill*, 109 Ga. App. 759 (1a) (137 SE2d 374). Notwithstanding the questions raised as to the election of the additional insured to invoke the protection of the policy, we cannot reach those contentions since the controlling issue here is that the statute of limitation has run.

Whatever obligation the appellant had to its insureds came into existence either when it received notice of the collision of March, 1961, and the right accrued to it to commence its investigation and settlement procedures, or in July, 1961, when suit was filed against Atkinson, Jr. Simonton, of course, was not sued until 1963 when the second action, also including Atkinson as a defendant, was filed. But, so far as Atkinson is concerned, his right to insist on the performance of contractual duties in his own regard arose at the latest in 1961. The affidavit of At-

kinson's own counsel clearly states that neither then nor at any time within the next six years did he evince any intention of insisting upon whatever coverage might have been available to him. Such coverage, of course, arose only by the simple contract of insurance as to which the statute of limitation is six years. Where a policy of insurance contains no contractual limitation upon the time to bring suit thereon, the statutory period of limitation governs the action. *Burton v. Metropolitan Life Ins. Co.*, 48 Ga. App. 828 (2) (173 SE 922). It follows that while the failure of the plaintiff to request legal counsel to defend the action against him was not of itself a rejection of coverage under the policy, it did serve as a beginning point for the running of the statute of limitation. The issue was raised by the insurer in its second defense, and proved by uncontradicted evidence. It was accordingly error to deny the motion for summary judgment.

*Judgment reversed. Bell, C. J., and Eberhardt, J., concur.*