149 N.J. Super. 522 (1977)
374 A.2d 79
FRANKLIN W. KIELB, PLAINTIFF,
v.
JOHN A. COUCH, JR., JOHN A. COUCH, JR. AND COMPANY, INC. AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 27, 1977.
*524 Mr. Robert I. Kuchinsky for plaintiff.
Mr. Michael F. Martino for defendants (Messrs. Willette and Luongo, attorneys).
GAYNOR, J.C.C., Temporarily Assigned.
Defendants seek a summary judgment dismissing the complaint on the ground that the action is barred by the statute of limitations. The suit is one for damages resulting from the refusal of defendant insurance company to defend litigation against plaintiff under a professional liability policy. The question presented by this motion for summary disposition is whether the statute of limitation begins to run as of the date of the refusal or as of the date of the termination of the litigation involving the insured. Although this question has been the subject of conflicting decisions in other jurisdictions, we have not been referred to, nor has our research disclosed, any case in New Jersey in which this issue has been directly passed upon.
Plaintiff, an attorney, was insured under a lawyer's professional liability policy issued by defendant St. Paul Fire and Marine Insurance Company through the John A. Couch, Jr. Agency. On October 19, 1967 a suit was instituted against the plaintiff by one of his clients seeking an accounting in connection with certain collection matters. Notification of this suit was not given to St. Paul or the Couch Agency because plaintiff concluded that, since only an accounting was sought and no claim for damages was made, the action was not one covered by his professional policy. Subsequently, the complaint against the plaintiff was amended to include a count of fraud and a claim for consequential damages. Thereupon plaintiff notified defendants of the pending suit and demanded that St. Paul provide the necessary *525 defense. After conducting an investigation St. Paul advised plaintiff that the action was not within the coverage afforded by the policy and that the company would not defend the suit on his behalf. This determination was contained in a letter dated April 18, 1968 from the carrier's claim manager to plaintiff. Counsel was thereupon retained by plaintiff to represent him in the action, and plaintiff subsequently handled the litigation pro se. The litigation was terminated on July 12, 1974 by the voluntary dismissal of the complaint with prejudice. The instant suit was instituted on August 9, 1974 to recover the fees and costs incurred, and the reasonable value of plaintiff's services, in connection with the defense of the action brought against plaintiff.
Defendant contends that plaintiff's action is barred by the statute of limitations inasmuch as it was instituted more than six years after his right of action accrued. Defendant asserts that plaintiff's cause of action arose on April 18, 1968 when it notified plaintiff of its refusal to defend him in the then pending litigation. It is plaintiff's position that his right to recover the costs of providing the required defense in the suit brought against him did not accrue until the litigation had been terminated and his damages ascertainable. These respective contentions clearly frame the issue presented by the instant motion.
The provisions of the insurance agreement which are relevant to the present inquiry are the following clauses contained in the "Coverage" and "Conditions" sections:
Coverage A  Professional Liability.
To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages arising out of the performance of professional services * * * and the Company shall have the right and duty to defend in his name and behalf any suit against the Insured alleging damages * * *
* * *
Conditions Applicable to Coverages A and B.
* * *

*526 D. Action Against Company
No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of the Policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.
The six-year statute of limitations governing actions for recovery upon a contractual claim is applicable to plaintiff's cause of action. See N.J.S.A. 2A:14-1; Breen v. Manufacturers Indem. Ins. Co., 105 N.J. Super. 302 (Law Div. 1969), aff'd 109 N.J. Super. 473 (App. Div. 1970).
The obligation of defendant insurer under the policy was either to defend the action involving plaintiff's performance of professional services, or to reimburse the plaintiff for the cost of defense if the claim made against him is held to be within the covenant to pay. Burd v. Sussex Mut. Ins. Co., 56 N.J. 383 (1970); Continental Nat'l American Group v. Pluda, 115 N.J. Super. 206 (Law Div. 1971). Thus, upon defendant's refusal to provide a defense the plaintiff could have instituted a declaratory judgment proceeding to adjudicate the question of coverage, which was not done, or proceed with his own defense and, as he is now doing, seek to obtain reimbursement from defendant company. As the full amount of his claim for reimbursement was not ascertainable until the termination of the action brought against him, it was not until then that plaintiff was in a position to assert his complete claim against defendant. Although plaintiff could have started an action against defendant prior to the completion of the third-party litigation for the then accrued costs, such a procedure would have resulted in piecemeal litigation and a multiplicity of suits, both of which are looked upon with disfavor in the law.
Other jurisdictions have adopted the rule that the claim of an insured against the insurer for payment of costs of a defense which was refused by the insurer does not accrue until those expenses have been fully and finally *527 ascertained and the right of action is complete. Continental Cas. Co. v. Florida Power & Light Co., 222 So.2d 58 (Fla. D. Ct. App. 1969); Employers' Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla. Sup. Ct. 1976); Moffat v. Metropolitan Cas. Ins. Co., 238 F. Supp. 165 (D. Ct. Pa. 1964). See also, Terteling v. United States, 334 F.2d 250, 167 Ct. Cl. 331 (Ct. Claims, 1964). These cases therefore hold that a statute of limitations applicable to the insured's action for reimbursement of such costs does not begin to run until the third-party litigation involving the insured has ended. Some practical reasons for this approach as given by the court in the Moffat case, supra, were:
The result contended for by Metropolitan [insurer] is absurd in this day of crowded court calendars and delays of years before trial, and insured could find that the statute had run long before he had incurred his trial and appellate expenses. See Delta Theaters, Inc. v. Paramount Pictures, Inc., E.D. La. 1958, 158 F. Supp. 644, appeal dismissed, 5 Cir. 259 F.2d 563. Also it would lead to a multiplicity of suits, long in disfavor in law. There would be a suit for costs and expenses and then, after judgment against the insured, a suit for indemnity. The latter cannot be started until there is a final judgment against the insured.
The statute of limitations does not begin to run until the right of action is complete * * *
In other instances it has been held that an insurance clause prohibiting any action against the company unless its obligation to pay has been finally determined by the entry of a judgment constitutes a condition precedent to a suit by an insured for reimbursement of costs of a defense, and accordingly that the insured's right of action for such recovery does not accrue until the termination of the third party proceedings against the insured. Such clauses in an insurance policy are referred to as "no-action" clauses, and are in the terms of the above-quoted condition contained in the subject policy. Ginn v. State Farm Mut., etc., Co., 417 F.2d 119 (5 Cir., 1969); Gilbert v. American Cas. Co. of Reading, Pa., 219 So.2d 84 (Fla. D. Ct. App. 1969).
*528 In Ginn v. State Farm Mut., etc., Co., although the court recognized that the failure to provide a defense to the insured constituted a breach of the insurance contract, it concluded that such breach did not give rise to an immediate right of action against the company because of the so-called "no-action" clause, stating in part:
The rule is well-settled in Georgia that a cause of action on a liability insurance contract containing a "no-action" clause may not be maintained until final judgment has been obtained against the insured. Because State Farm's breach did not give rise to an immediate right of action, the statute must be considered suspended until the date when appellants could first have maintained their action for breach  the date when the injured party's judgment became final. Since appellants filed this action against State Farm on November 7, 1966 and the judgment against them was entered on November 12, 1962, clearly this action is not barred by the six-year statute of limitations.
Our courts follow the same rule in giving effect to a "no-action" clause in an insurance policy. Bacon v. American Ins. Co., 131 N.J. Super. 450 (Law Div. 1974); Condenser Service, etc., Co. v. American Mut. Liab. Ins. Co., 45 N.J. Super. 31 (App. Div. 1957). Compliance with such a provision is a condition precedent to the maintenance of a suit by an insured to recover damages for a breach of the insurance contract, and noncompliance with this condition will, in the absence of waiver or estoppel, constitute a defense to the action. Bacon v. American Ins. Co., supra. Actually, one of the purposes of a "no-action" clause is to prevent suit against the insurer by the insured until the damages have been ascertained by final judgment in a third-party proceeding against the insured, but it may not be utilized as a bar to a declaratory judgment action instituted to adjudicate issues of coverage and defense. Condenser Service, etc., Co. v. American Mut. Liab. Ins. Co., supra. These rulings as to the effect and purpose of a "no-action" clause lend credence and support to a determination that such a provision will operate as a condition precedent to an action seeking reimbursement of defense costs.
*529 Of the authorities relied upon by defendant only Gedeon v. State Farm Mut. Auto. Ins. Co., 261 F. Supp. 122, (Dist. Ct. Pa., 1966), and Cotton States Mut. Ins. Co. v. Atkinson, 120 Ga. App. 695, 172 S.E.2d 188 (Ct. App. 1969), support in some degree the argument that the statute of limitations begins to run upon the refusal of the company to defend an action against the insured. It is noted, however, that in Gedeon the insured conducted the defense of the liability action himself and hence incurred no damage since he had expended no money in defending the suit; and the Cotton States case, which involved a claim for indemnification in the amount of a judgment recovered against plaintiff, held that the statute of limitations was triggered when plaintiff failed to request the carrier to defend the action brought against him. The facts giving rise to these decisions cause their persuasiveness to be diminished. Defendant alternatively argues that permitting plaintiff to proceed would subvert the underlying purpose of the statutory limitation because of the death of possible witnesses and the destruction of certain records during the intervening years. These possibilities are always present and have no relationship to the lapse of time between an event and the commencement of a law suit concerning the event. In any case, such factors should not be controlling in the present case in view of the factual and legal issues involved.
Our conclusion is that plaintiff's cause of action for reimbursement of defense costs did not accrue until the termination of the third-party action brought against him. It was not until then that the totality of his claim against defendant was ascertainable and his right of action complete, and it was only then that he could successfully withstand a defense based upon the "no-action" clause in the policy. Accordingly, plaintiff's action was commenced within the six-year limitation.
The motion of defendant is therefore dismissed.