**Seiders v. Planet Insurance Company**

Before Eshelman, *P.J.*, and Schaeffer, *J.*

*LeRoy Hyman*, for plaintiffs.
*Kent H. Herman*, for defendant insurance company.
*Jay Abramowitch*, for individual defendant.

ESHELMAN, *P.J.*, March 30, 1979—Before this court is the motion for summary judgment of the Planet Insurance Company (hereinafter defendant). Plaintiffs' preliminary objections to the motion for summary judgment were allowed to be withdrawn at the time of oral argument. On the basis of that which was briefed and argued defendant's reason for making the motion is that plaintiffs' claim is barred by the statute of limitations.

Plaintiffs' amended complaint consists of two counts, the first in assumpsit and the second in trespass. Each count seeks damages in the amount of $80,000. Plaintiffs' cause of action is based upon an alleged breach of a duty by defendant to indemnify a Herbert A. Wotring.

Plaintiffs aver in their amended complaint that some time prior to August 24, 1966, defendant issued to Wotring a policy of insurance against liability arising from the use of Wotring's automobile. As averred by the plaintiffs, on or about November 12,

1968, Mrs. Seiders, one of the plaintiffs herein, was struck by an automobile being operated by Wotring, and she sustained serious injuries.

Defendant, by new matter, avers that on or about February 28, 1969, it advised Wotring that it disclaimed and denied any and all liability or obligation under the alleged insurance policy. Plaintiffs instituted suit against Wotring in the Court of Common Pleas of Berks County at Civil Action no. 124, November term, 1970. Defendant refused to take any action whatsoever in regard to the claim against Wotring.

Wotring executed an assignment in February 1975, whereby he assigned to the plaintiffs "all right, title and interest he has or may have against" the defendant "arising out of any verdict which [plaintiffs] may recover against Wotring." See Wotring v. Planet Insurance Company, 70 Berks 81 (1977).

Verdicts in the total amount of $80,000 were entered against Wotring on May 19, 1975. On August 18, 1975, judgment was entered in favor of Irvin A. Seiders against Wotring to no. 188 August Term, 1975 J.D., in the sum of $22,000, and judgment was entered in favor of Phyllis J. Seiders against Wotring in the sum of $58,000 to no. 189 August Term, 1975 J.D. Defendant has refused to pay these judgments.

As a result of a liability insurer-insured relationship, an insurer is obligated to indemnify the insured against liability: Gedeon v. State Farm Mutual Automobile Insurance Co., 410 Pa. 55, 188 A. 2d 320 (1963). Defendant argues that if it breached any duty to indemnify Wotring, the breach occurred on February 28, 1969, the date of

the letter of disclaimer, and that therefore the six year period of the applicable statute of limitations[1] commenced to run on that date. Since plaintiffs' claim in the instant action was filed on October 12, 1976, defendant argues that it should be barred. However, plaintiffs argue that the applicable period should be measured from the date that judgment was entered, August 18, 1975.

In considering this issue it is relevant to note that the insurance policy allegedly issued to Wotring, which is attached as an exhibit to plaintiffs' amended complaint, provides in section III, condition no. 7, section 1: "No action shall lie against Planet . . . under the Liability Coverage until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and Planet."

Defendant's argument is without merit. It relies solely on the case of Gedeon v. State Farm Mutual Automobile Insurance Co., 261 F. Supp. 122 (W.D. Pa. 1966) (applying Pennsylvania law), modified sub. nom. Panizzi v. State Farm Mutual Automobile Insurance Co., 386 F. 2d 600 (3d Cir. 1967), cert. denied, 392 U.S. 937, 88 S.Ct. 2308, 20 L.Ed. 2d 1395 (1968). A close examination of Gedeon and its procedural history reveals that defendant's reliance is misplaced.

Plaintiff in Gedeon was making two claims. One claim sought indemnity while the second claim sought damages for an alleged breach of the duties to defend and to negotiate in good faith pursuant to

---

1. Act of March 27, 1713, 1 Sm.L. 76, sec. 1, 12 P.S. §31, now codified July 9, 1976, P.L. 586, 42 Pa.C.S.A. §5527.

an insurance policy. Defendant in the present action, by citing the Gedeon case, fails to distinguish between the Court's different treatment of each of the two claims.

Actually, the Gedeon case defendant cites is the court's opinion following remand of the case to the district court from the Third Circuit Court of Appeals.

In the prior decision, Gedeon v. State Farm Mutual Automobile Insurance Co., 227 F. Supp. 342 (W.D. Pa. 1964) (applying Pennsylvania law), rev'd on other grounds 342 F. 2d 15 (3d Cir. 1965), the district court held that the statute of limitations on a claim seeking damages in the nature of indemnity begins to run upon entry of an actual judgment. In reaching its decision the court relied on the fact that the insurance policy upon which the claim was based contained a clause identical to the policy clause quoted above. The court concluded at page 347:

"Since the company has thus undertaken to prevent accrual of an action against itself until after 'judgment' has been rendered against the insured after actual trial of the case, it seems plain that the statute of limitations did not begin to run until the entry of an actual judgment, as required by the policy terms."

On remand the district court adhered to its decision in the earlier opinion regarding the indemnity claim: Gedeon v. State Farm Mutual Automobile Insurance Co., supra, 261 F. Supp. at 123.

We conclude that the statute of limitations on Wotring's claim for indemnity assigned to plaintiffs began to run when the right to indemnity accrued, which was when the judgment was entered. See

Kitchen v. Grampian Borough, 421 Pa. 464, 219 A. 2d 685 (1966). Therefore, plaintiffs' claim for indemnity is not barred since suit was commenced well within the six year period of limitation measured from the date judgment was entered against Wotring.

Defendant's motion for summary judgment is denied.

## ORDER

And now, March 30, 1979, it is hereby ordered that defendant Planet Insurance Company's motion for summary judgment is denied.

