## Wotring v. Planet Insurance Co.

Before Eshelman, *P.J.*, and Schaeffer, *J.*

*Balmer, Mogel, Speidel* and *Roland*, for plaintiff.
*King, McCardle*, for Planet Insurance Company and Reliance Insurance Company.
*Liever, Hyman* and *Potter*, for Seiders.
*Jay N. Abramowitch*, for Townsend.

ESHELMAN, *P.J.*, March 30, 1979—Before this court is the motion for judgment on the pleadings of the Planet Insurance Company and Reliance Insurance Company (hereinafter defendants). Plaintiff's preliminary objections to the motion for judgment on the pleadings were allowed to be withdrawn at the time of oral argument. Also at oral argument the motion of defendant Robert R. Townsend for judgment on the pleadings was allowed to be withdrawn.

On the basis of that which was briefed and argued, defendants' reason for making the motion is that plaintiff's claim is barred by the statute of limitations.

Plaintiff's second amended complaint consists of four counts. The first count in assumpsit and a second count in trespass alternatively seek recovery of damages for counsel fees incurred and for mental duress [sic] from all three of the defendants named in this proceeding. Plaintiff's third count is in assumpsit and seeks damages for mental duress [sic] suffered as a result of the breach of duties allegedly owed to plaintiff by the insurance company defendants. The fourth count is in assumpsit and seeks recovery from defendants of legal fees expended in bringing the present action.

Plaintiff avers in his second amended complaint that sometime prior to August 24, 1966, defendants issued to plaintiff a policy of insurance against liability arising from the use of plaintiff's automobile; that on or about November 12, 1968, plaintiff, while operating his automobile, struck Phyllis J. Seiders, a pedestrian; that Mrs. Seiders and her husband, Irvin A. Seiders, instituted suit against plaintiff in the Court of Common Pleas of Berks County at Civil Action no. 124, November Term,

1970; and that defendants refused to take any action whatsoever in regard to the claim, making it necessary for plaintiff to hire private counsel to represent him in the Seiders' action.

Plaintiff further avers that verdicts in the total amount of $80,000 were entered against him on May 19, 1975; that on August 18, 1975, judgment was entered in favor of Irvin A. Seiders against plaintiff to no. 188 August Term, 1975 J.D., in the sum of $22,000, and judgment was entered in favor of Phyllis J. Seiders against plaintiff in the sum of $58,000 to no. 189 August Term, 1975 J.D., and that these judgments remain unsatisfied (they are the subject of a claim being brought by the Seiders against Planet Insurance Company and Robert R. Townsend at Civil Action no. 77 November Term, 1976).

Defendants, by new matter, aver that on or about February 28, 1969, they advised plaintiff that they disclaimed and denied any and all liability or obligation under the alleged insurance policy.

Upon entering into a liability insurer-insured relationship, an insurer becomes obligated to defend the insured and to act in good faith and with due care: Gedeon v. State Farm Mutual Automobile Insurance Co., 410 Pa. 55, 188 A. 2d 320 (1963). Defendants argue that if they breached any duty owing to plaintiff, the breach occurred on February 28, 1969, the date of the letter of disclaimer, and, therefore, the six-year period of the applicable statute of limitations[1] commenced to run on that date. Since plaintiff's claim in the instant action

---

1. Act of March 27, 1713, 1 Sm.L. 76, sec. 1, 12 P.S. §31, now codified at 42 Pa.C.S.A. §5527.

was filed on May 4, 1977, defendants argue that it should be barred. However, plaintiff argues that the applicable period should be measured from the date that judgment was entered, August 18, 1975.

In considering this issue it is relevant to note that the insurance policy allegedly issued to plaintiff, which is attached as an exhibit to plaintiff's second amended complaint, provides in section III, condition no. 7, section 1: "No action shall lie against Planet . . . under the Liability Coverage until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and Planet."

In support of their argument defendants cite Gedeon v. State Farm Mutual Automobile Insurance Co., 261 F. Supp. 122 (W.D. Pa. 1966) (applying Pennsylvania law), modified sub. nom. Panizzi v. State Farm Mutual Automobile Insurance Co., 386 F. 2d 600 (3d Cir. 1967), cert. denied, 392 U.S. 937, 88 S.Ct. 2308, 20 L.Ed. 2d 1395 (1968). The district court held therein that a breach of the duty to defend "occurs so soon as the defendant declines defense of the suit against the insured." Gedeon v. State Farm Mutual Automobile Insurance Co,. supra, 261 F. Supp. at 123. The court viewed the statute of limitations as running from the date of disclaimer.

However, the same issue was before the Federal District Court for the Middle District of Pennsylvania in Moffat v. Metropolitan Casualty Insurance Company of New York, 238 F. Supp. 165 (M.D. Pa. 1964) (applying Pennsylvania law). Plaintiff in Moffat was seeking recovery of legal fees expended as a result of defendant insurance company's re-

fusal to defend plaintiff against a claim previously brought by a third party. The Moffat court determined that the statute of limitations for a breach of the duty to defend does not commence to run until the right of action is complete, which in the Moffat case was when the Pennsylvania Supreme Court denied a petition for reargument in the prior third-party litigation. The district court considered a breach of the duty to defend to constitute a continuing breach until the third-party litigation is ended because prior to then the insurance company can at any time revoke its disclaimer. The court further reasoned that if it accepted the insurance company's argument that the statute of limitations begins to run at the time of disclaimer, the statute could conceivably expire before the insured had incurred his trial expenses. The importance of first incurring trial expenses before instituting suit for breach of the duty to defend is demonstrated by Gedeon v. State Farm Mutual Automobile Insurance Co., supra, wherein the Pennsylvania Supreme Court held that there can be no recovery for a breach of duty to defend unless defense costs have been incurred.

The New Jersey Superior Court in Kielb v. Couch, 149 N.J. Super. 522, 374 A. 2d 79 (1977), reviewed the decisions in Moffat and Gedeon v. State Farm Mutual Automobile Insurance Co., supra, as to when the statute of limitations begins to run. The Kielb court adopted the reasoning of Moffat and made the following comment at page 81: "Although plaintiff could have started an action against defendant prior to the completion of the third-party litigation for the then accrued costs, such a procedure would have resulted in piecemeal

litigation and a multiplicity of suits, both of which are looked upon with disfavor in the law."

In reaching its decision the Kielb court also relied on the fact that the insurance policy upon which the action was brought contained a clause, referred to as a "no-action" clause, very similar to the policy clause quoted above. The court viewed the clause as imposing the entry of judgment as a condition precedent to an action for reimbursement of defense costs in the third-party litigation. Otherwise, if the insured brought an action against the insurer prior to entry of judgment against him by the third party, the insured could not successfully withstand a defense based upon the "no-action" clause.

The reasoning of Moffat and Kielb applies equally as well to the case at bar. We conclude that the statute of limitations on the breach of the alleged duty to defend commenced to run when judgment was entered against plaintiff.

Plaintiff also claims damages for mental duress [sic] allegedly suffered as a result of defendants' disclaimer of liability. We view the disclaimer as giving rise to a continuing breach of duty under the alleged insurance policy, and plaintiff's cause of action was not made complete until judgment was entered on August 18, 1975. Plaintiff's claim is not barred since it was commenced well within the period of limitation measured from that date.

Defendants' motion for judgment on the pleadings is denied.

## ORDER

And now, March 30, 1979, it is hereby ordered that defendants' motion for judgment on the pleadings is denied.