**In re WINDSOR COMMUNICATIONS GROUP, INC., t/a Norcross-Rust Craft Greeting Card Publishers, Debtor.**

**WINDSOR COMMUNICATIONS GROUP, INC., t/a Norcross-Rust Craft Greeting Card Publishers, Plaintiff,**

v.

**Michael WOODS, d/b/a the Plum Place, Defendant.**

**Bankruptcy No. 82–03714K.**
**Adv. No. 84–0471K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 23, 1985.

Howard M. Holmes, Philadelphia, Pa., for plaintiff.

Russell M. Woods, Cranford, N.J., for defendant.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue at bench is whether we should grant defendant's motion for summary judgment in a proceeding commenced by plaintiff for a money judgment, or in the alternative, turnover of property. For the reasons stated herein, the motion will be denied.

The standard of review for a summary judgment motion is set forth in Rule 56 of the Federal Rules of Civil Procedure which is applicable to this proceeding under Bankruptcy Rule 7056. Summary judgment shall be granted only when the pleadings, depositions, interrogatories, affidavits and admissions filed in the case "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed.R. Civ.P. 56(c). Summary judgment has been characterized as a "drastic remedy", and when considering such a motion, the Court must resolve any doubt as to the existence of genuine issues of fact against the moving party. *Continental Insurance Co. v. Bodie,* 682 F.2d 436, 438 (3d Cir.1982); *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981).

The facts as stated by the pleadings are as follows: In early 1980, defendant, Michael Woods, d/b/a The Plum Place ("Woods") began purchasing greeting cards and gift wrap from plaintiff, Windsor Communications Group, Inc. t/a Norcross-Rust Craft Greeting Card Publishers ("Windsor"). Windsor provided display fix-tures for these items pursuant to a signed fixture loan agreement dated January 16, 1980. Windsor ceased supplying Woods with merchandise in May of 1982.

An involuntary petition under Chapter 7 of the Bankruptcy Code was filed on August 5, 1982, against Windsor. Windsor converted the case to a case under Chapter 11 on August 25, 1982. Windsor has been acting as debtor-in-possession in accordance with § 1108 of the Bankruptcy Code since August 25, 1982.

On December 23, 1982, Windsor filed suit in this Court against Woods to recover funds allegedly owed for delivered merchandise (Adversary No. 82–4058K). On October 3, 1983, the parties executed a stipulation of settlement and discontinuance and the complaint was dismissed with prejudice on October 7, 1983.

On April 29, 1984, Windsor filed this adversary proceeding against Woods to recover a judgment for the fair market value of the display fixtures or, in the alternative, the return of said fixtures. Woods filed the instant motion for summary judgment on August 28, 1984.

In support of the motion, Woods first contends that this action is barred by the law of Michigan which prohibits a plaintiff from dividing causes of action arising out of the same transaction. Alternatively, Woods argues that Windsor waived its right to a recovery under the fixture agreement and is estopped from asserting any rights thereunder.

■ The threshold issue before the Court is whether the Federal Rules of Civil Procedure or Michigan law control the issue of mandatory joinder of claims. Woods contends that this is a substantive law consideration to which a federal court must apply state law under the doctrine of *Erie R. Co. v. Tompkins.*[1] However, we do not view state law as controlling here. In *Erie R. Co. v. Tompkins,* the Supreme Court established the general principle that federal courts in diversity cases may not,

1.   304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

as to non-federal matters, disregard state law in matters of substantive rights. But when there is a conflict between a Federal Rule of Civil Procedure and a state rule, the Federal Rule is to be applied unless to do so would exceed the congressional mandate embodied in the Rules Enabling Act [2] or transgress constitutional bounds. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). In *Har-Pen Truck Lines, Inc. v. Mills*,[3] the subject of joinder of claims was held to be purely procedural under *Hanna v. Plumer*. A Georgia statute which prohibited the joinder of contract and tort claims in the same action was found to be not applicable in federal court since "the question of which claims may be joined in a civil action is a federal one, to be governed by the Federal Rules." [4]

■ Rule 18(a) [5] provides that: "A party asserting a claim to relief ... *may join*, either as independent or as alternative claims, as many claims ... as he has against an opposing party." (emphasis added). It is clear that Rule 18(a) is entirely permissive and that joinder of claims is not mandatory. *See Commercial Box & Lumber Co., Inc. v. Uniroyal, Inc.*, 623 F.2d 371 (5th Cir.1980). There is a distinction between splitting a single cause of action and failing to join more than one cause of action in one proceeding. The former is impermissible because of the doctrine of *res judicata*—all grounds upon which a single cause of action is founded must be asserted in one action. However, *res judicata* is appropriate only as a defense to a second action "if the cause of action in the prior suit and the one at bar are identical." *Gedeon v. State Farm Mutual Automobile Insurance Co.*, 342 F.2d 15, 17 (3d Cir.1965).

■ Failure to assert an independent cause of action in a prior suit does not bar its assertion in a subsequent action. The general rule is that:

> "Causes of action which are distinct and independent, although arising out of the same contract, transaction, or state of facts, may be sued on separately, recovery on one being no bar to subsequent action on others."

50 C.J.S. Judgments § 674, p. 120.

■ In the matter at bench, Windsor's cause of action, based on the loan fixture agreement, is separate and independent of its prior action which was based upon an outstanding trade account balance. Therefore, Windsor is not precluded from bringing the present action.

■ Woods also argues that he is entitled to summary judgment because Windsor waived its right to a recovery under the fixture loan agreement and is estopped from now raising any rights created thereunder. Both parties have submitted affidavits in support of their respective positions. In his affidavit, Woods states that in late 1981,[6] Windsor's sales representative, Mr. Mick, verbally informed him that Windsor was not going to recover the fixtures and that Woods could dispose of them as he saw fit. Woods further states that Mr. Mick provided him with a copy of a memorandum from Windsor's vice-president of field sales depicting this decision. Windsor's affidavit states that Mr. Mick had no authority to waive the recovery of the fixtures and that the memorandum in question was an internal company memorandum which allowed a salesman to waive recovery of the fixtures only after obtaining authorization from the home office. Whether Windsor's representative had the authority to make the alleged representations is a matter for the consideration of the trier of fact and is not a proper issue to

---

**2.** 28 U.S.C.A. § 2072.

**3.** 378 F.2d 705 (5th Cir.1967).

**4.** *Id.* at 708.

**5.** Bankruptcy Rule 7018 provides that: "Rule 18 F.R.Civ.P. applies in adversary proceedings."

**6.** Windsor, in its affidavit, states that Mr. Mick terminated his employment on November 6, 1981. This raises the question of whether Mick made the alleged statements during the term of his employment.

be resolved on a summary judgment motion.

We conclude that summary judgment must be denied because the inferences to be drawn from the affidavits, when viewed in the light most favorable to Windsor, who is the party opposing the motion, demonstrate the existence of a material factual dispute as to the authority of Windsor's sales representative, Mr. Mick, to waive Windsor's right to recover the display fixtures.