**R. S. GINN and Rainey D. Ginn, Plaintiffs-Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.**

No. 27123
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 2, 1969.

Rehearing Denied Oct. 28, 1969.

Richard D. Phillips, Ludowici, Ga., for appellant.

Luhr G. C. Beckmann, Jr., Hitch, Miller, Beckmann & Simpson, Savannah, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

Appellants, Ginn and his wife, filed suit in a Georgia state court for breach of contract by appellee, State Farm Mutual Automobile Insurance Company. The case was removed to the United States District Court for the Southern District of Georgia because of diversity of citizenship. This appeal is from a summary judgment in which the court held that appellants' suit was barred by the applicable Georgia statute of limitations. We have determined that this judgment was improperly entered and accordingly, we reverse.[1]

On September 23, 1959, a passenger in appellants' automobile was fatally injured in a traffic accident. Appellants were insured at the time of the accident by a policy of liability insurance issued by State Farm. Approximately two months after the accident, State Farm notified appellants that their automobile liability policy was being rescinded and that State Farm would not handle any claims resulting from the accident. Appellants refused to assent to the attempted rescission and notified State Farm that they would continue to treat the policy as though it were in full force and effect at the time of the accident. Although appellants made several requests for assistance in defending the wrongful death action which arose as a result of the accident, State

---

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

Since jurisdiction here is based solely on diversity, *Erie* requires that we decide the issues by applying the law of Georgia.

Farm repeatedly refused to assist. On November 12, 1962 the wrongful death action resulted in a $20,000 judgment against appellants. On November 7, 1966 appellants initiated this action against State Farm for breach of contract.[2] The sole issue on this appeal is whether the action is barred by the Georgia six-year statute of limitations.[3]

State Farm contends that the statute began to run on June 27, 1960 when it unequivocally refused to assume its contractual obligation to defend appellants. It argues that this refusal constituted a breach of contract giving rise to an immediate right of action which commenced the running of the statute of limitations. In support of this position, State Farm relies heavily on Mobley v. Murray County, in which the Georgia Supreme Court stated:

> The statute of limitations begins to run from the time a right of action accrues for a breach of duty or contract or for a wrong, without regard

to the time when actual damage results.[4]

Appellants contend that the "no action" clause of the insurance contract specifically prohibited a suit for breach of contract until the injured party had secured a final judgment against the appellants; therefore, the statute of limitations should not begin to run until the date of final judgment. In our opinion the issue in this case must be resolved by a consideration of the effect of the "no action" clause on the accrual of a right of action, which will fix the time when the statute of limitations began to run.[5] The "no action" clause provides:

> No action shall lie against the company: (b) Under coverages A, B, * * * until the amount of the insured's obligations shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

2. Appellants alleged that State Farm refused to assume its obligation to defend and pay damages as provided in Coverages A and B of the insurance policy which are, in pertinent part, as follows:

 Coverages A and B—(A) Bodily Injury Liability and (B) Property Damage Liability.
 (1) To pay all damages which the insured shall become legally obligated to pay because of
 (A) bodily injury sustained by other persons, and
 (B) injury to or destruction of property of others, caused by accident arising out of the ownership, maintenance or use, including loading or unloading of the automobile.
 (2) As respects the insurance afforded under coverages A and B and in addition to the applicable limits of liability:
 (a) to defend any suit against insured alleging such bodily injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;
 (b) * * *

There obligations shall be referred to hereinafter as the duty to "defend and pay damages."

While the Georgia courts have recognized that the duty to "defend" is a separate and distinct covenant from the duty to "pay damages", Mead Corporation v. Liberty Mutual Insurance Company, 107 Ga.App. 167, 129 S.E.2d 162 (Ga.App. 1962), we do not find it necessary here to determine whether the statute of limitations would run separately as to each obligation.

3. Ga.Code Ann. Sec. 3–705 provides:
 All actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same shall have become due and payable.

4. 178 Ga. 388, 173 S.E. 680, 685 (1934).

5. We do not deem it necessary to consider when the statute of limitation would begin to run on a liability insurance contract which does not contain a "no action" clause.
 Although argued by appellants, State Farm makes no mention in its brief of this pertinent provision of the insurance contract.

"Coverages A, B", mentioned in this passage, refer to State Farm's obligation to "defend and pay damages."[6] Therefore, succinctly stated, the "no action" clause prohibits any action for breach of the insurer's obligations to "defend and pay damages" until final judgment has been entered against the insured or a written agreement has been executed by the claimant, the insured and State Farm. Since there was no written agreement between the parties in the instant case, the entry of final judgment clearly stood as a condition precedent to the accrual of appellants' right of action.

 Courts generally hold that where a condition precedent to a right of action exists, the statute of limitations does not begin to run until that condition is performed.[7] This theory was applied by the Supreme Court of Georgia in Thomas v. Hudson[8] where a mortgagee had agreed not to sue or enforce the mortgage until twelve months after the death of the mortgagor's parents. The court held that the running of the statute of limitations was suspended until the occurrence of the condition. The general principle underlying this decision is completely consistent with Mobley v. Murray County[9] which is relied on by State Farm. In *Mobley*, the court defined "accrual of a right of action" with respect to the running of the statute of limitations as follows:

> The true test, therefore, to determine when a cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result.[10]

 The rule is well-settled in Georgia that a cause of action on a liability insurance contract containing a "no action" clause may not be maintained until final judgment has been obtained against the insured.[11] Because

6. For pertinent provisions of Coverages A and B see note 2 *supra*.

7. These decisions are collected at 34 Am. Jur. § 116, p. 95 n. 12, and 54 C.J.S. Limitations of Actions § 110, p. 14, n. 2. See also Appleman, Insurance Law and Practice § 4851, et seq. (1962).

8. 190 Ga. 622, 10 S.E.2d 396 (1940).

9. 173 S.E. 680 (Ga.1934).

10. 173 S.E. 680, 682 (Ga.1934).

11. Cotton States Mutual Insurance Co. v. Keefe, 215 Ga. 830, 113 S.E.2d 774 (1960) ; Krasner v. American Guaranty & Liability Insurance Co., 110 Ga.App. 468, 138 S.E.2d 921 (1964).
In *Cotton States* the no action clause read as follows:
No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.
The court held:
We hold that, under the acts of 1949 and 1955 (both supra,) where the county board of education procures a policy of liability insurance to protect the school children and the general public in the operation of school buses by the board, and the policy contains a provision that no action shall lie against the insurer when as a condition precedent thereto the amount of the insured's obligation to pay shall have been finally determined either by judgment after actual trial or by written agreement of the insured, the claimant, and the company, the person injured by the negligent operation of the school buses covered by the policy of the insured cannot bring a direct action against the insurers but must first obtain a judgment against the county school district or written agreement of the parties, where the county board of education acts for the school district in providing liability insurance under the provisions of the act of 1955 (supra).
In *Krasner* the same conclusion was reached with respect to a no action clause which provided as follows:
No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company.

State Farm's breach did not give rise to an immediate right of action, the statute must be considered suspended until the date when appellants could first have maintained their action for breach— the date when the injured party's judgment became final. Since appellants filed this action against State Farm on November 7, 1966 and the judgment against them was entered on November 12, 1962, clearly this action is not barred by the six-year statute of limitations. The summary judgment of the district court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.