547 P.2d 257 (1975)
James P. DOYLE and Florene A. Doyle, Plaintiffs-Appellants,
v.
Kurt O. LINN, Defendant-Appellee.
No. 75-131.
Colorado Court of Appeals, Div. III.
December 18, 1975.
Rehearing Denied January 8, 1976.
*258 Richeson & McCain, Robert C. McCain, Denver, for plaintiffs-appellants.
Albert B. Dawkins, Denver, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
James and Florene Doyle sought recovery of damages resulting from an allegedly negligent survey made by defendant, Kurt O. Linn. Following a trial to the court, it found that the defendant was negligent and that plaintiffs had been substantially damaged as a result of such negligence. However, the court dismissed the action on the ground that the action was barred by the operation of two statutes of limitations, §§ 13-80-110 and 13-80-127, C.R.S.1973, and plaintiffs appeal that dismissal. Appellee has confessed that § 13-80-127, 1973, is inapplicable because the claim for relief arose prior to June 1, 1969, the effective date of that statute. Colo.Sess.Laws 1969, ch. 221, 87-1-28, at 697. See Greene v. Green Acres Construction Co., Colo. App., 543 P.2d 108 (announced September 23, 1975). Therefore the sole issue before this court is whether the action was barred by § 13-80-110, C.R.S.1973. We hold that it was not and reverse the judgment.
In 1960 the Doyles engaged Linn to prepare a boundary survey of a parcel of mountain property that they were considering buying. Linn knew that the Doyles had selected a site for a home they proposed to build and would buy the property if the site was actually within the plot's boundaries. In September 1960 Linn surveyed and staked the boundaries, and delivered a certified plat to the Doyles. According to this survey, the desired homesite was within the boundaries of the plot. In reliance on the survey, the Doyles bought the land and began building their house in November 1960. The house was not completed until 1970.
The land adjacent to the Doyle plot on the north is owned by the United States, being part of the Pike National Forest. In 1964 government agents began negotiating with the Doyles for permission to widen an access road to the National Forest, which road crossed the Doyle land. During the discussions, the agents advised the Doyles that there was a possibility that their house was on government land. In November 1964 the Bureau of Land Management (B. L.M.) began a "dependent survey" of the boundary line. The survey was completed in June 1965, and was officially accepted and approved by the B.L.M. on February 1, 1968. According to this survey the Doyle house was on government land.
In October 1968 the United States sued the Doyles in the U.S. District Court for trespass, and obtained a judgment which gave the Doyles 90 days to remove the house. The judgment was affirmed, on appeal, on November 6, 1972. United States v. Doyle, 468 F.2d 633 (10th Cir.). Following this affirmance, the Doyles moved the house onto their own land. The cost of this removal constituted the bulk of the damages sought in the present action, which was commenced on January 21, 1973. All of the above facts are undisputed.
The trial court found that, "plaintiffs suffered $14,721.46 loss and damages, and this loss and damages were proximately caused by defendant's negligence." On disputed evidence the court further found *259 that on completion of the survey in 1965 the government advised the Doyles that their house was, in fact, on government land. The court concluded that the six year statute of limitations, § 13-80-110, C. R.S.1973, began to run in 1965, the date of the notice to the Doyles of the government's claim.
The Doyles first claim that there is insufficient evidence to support the finding that they were advised of the government's claim in 1965. The record reveals substantial evidence before the trial court to support that finding, and accordingly, it will not be disturbed on review. Thiele v. Colorado, 30 Colo.App. 491, 495 P.2d 558. However that finding of fact is not dispositive of the legal issue presented here.
Appellants also contend that the six year statute of limitations did not begin to run until the final determination of their litigation with the government in 1972. We agree.
As was stated in Patterson v. Ft. Lyon Canal Co., 36 Colo. 175, 84 P. 807, "[t]he statute of limitations begins to run from the time when the plaintiff's cause of action accrues. . . . This rule is never questioned, but the difficulty lies in determining when the cause of action is to be deemed as having accrued."
Although knowledge of the government's hostile claim started the running of the limitations statute against any claim for relief which the Doyles might have had against the government, see Wood v. Henley, 88 Cal.App. 441, 263 P. 870, we are here concerned only with the question of when the claim for relief against Linn, on negligence, arose.
In order to recover on a claim based on negligence, a plaintiff must prove that he suffered damage as a proximate result of the negligence of the defendant. Hoover v. Shott, 68 Colo. 385, 189 P. 848. Without damage there is no cause of action. Roessler v. O'Brien, 119 Colo. 222, 201 P.2d 901.
The mere assertion of a claim of adverse title does not in and of itself constitute damage. See Zimmerman v. Hinderlider, 105 Colo. 340, 97 P.2d 443. Before the statute of limitations begins to run there "[must] be some damage which would entitle plaintiff to maintain a cause of action." Housing Authority v. Leo A. Daly Co., Colo.App., 533 P.2d 937. As was stated in DeCaire v. Public Service Co., 173 Colo. 402, 479 P.2d 964:
"Injury or damage to the person complaining is an essential element of actionable negligence. The plaintiffs could not have filed their suit predicated solely on defendant's negligent act. There must also be injury or damage. Negligence as used in the statute of limitations means the negligent act or acts which results in and gives rise to the. . . claim. In other words, until the claimant has been injured or damaged by the alleged negligence, the statute of limitations does not commence to run."
Here plaintiffs suffered no damages until the adverse claim of the government was determined to be valid and plaintiffs were found to be trespassers, with the consequent damages resulting from their being required to remove their house from government land. The statute of limitations did not begin to run until the judgment became final in 1972.
The judgment of the trial court is reversed and the cause is remanded with direction to enter judgment in favor of plaintiffs for the amount of loss and damages as set forth in the decrees heretofore entered by the trial court.
PIERCE and VanCISE, JJ., concur.