Joyce **DORRANCE**, Plaintiff–Appellant,

v.

**FAMILY ATHLETIC CLUB,**
Defendant–Appellee.

No. 87CA0888.

Colorado Court of Appeals,
Div. I.

Feb. 2, 1989.

Lee N. Sternal, Pueblo, for plaintiff-appellant.

Laurence A. Ardell, Pueblo, for defendant-appellee.

PLANK, Judge.

Joyce Dorrance (plaintiff) appeals the order of the trial court denying the costs incurred in the videotaping of certain depositions. We affirm.

Plaintiff was the prevailing party in the trial of her claim for personal injuries against the Family Athletic Club (defendant). When it became known that two of plaintiff's expert medical witnesses would be unable to testify personally at trial, their testimony was perpetuated by means of depositions which were videotaped.

After the jury returned a verdict in plaintiff's favor, a motion to alter and amend the judgment was filed by plaintiff requesting reimbursement of all costs including the taking of the video depositions. The trial court awarded the costs of the reporters in the taking and transcribing the testimony as well as awarding costs incurred for expediting the transcripts. However, the trial court disallowed the costs incurred in the actual videotaping of the depositions.

From this final judgment entered on costs, plaintiff appeals.

The issue before this court is whether the trial court erred in refusing to award the costs incurred for the videotaping of depositions of expert witnesses pursuant to § 13–16–122(1)(g), C.R.S. (1987 Repl.Vol. 6A).

Section 13–16–122(1)(g) provides that, whenever any court assesses costs pursuant to any provision of that statute, such costs may include:

"Any costs of taking depositions for the perpetuation of testimony, including reporter fees, witness fees, expert witness fees, mileage for witnesses, and sheriff fees for the service of subpoenas."

The trial court's stated reason for the denial of the videotaped portion of the depositions was that:

"[T]he use of a video deposition is not essential, and, if a party desires this embellishment, the costs thereof should not be assessed against the adverse party."

■ The awarding of costs is at the discretion of the trial court. *Rossmiller v. Romero*, 625 P.2d 1029 (Colo.1981).

■ Here, as permitted by the above statute, the trial court allowed the costs for the taking, transcribing, and expediting the depositions, and we perceive no abuse of discretion in its denial of the additional costs associated with producing those depositions in videotape form.

Accordingly, the order is affirmed.

PIERCE and HODGES *, JJ., concur.