**PALISADES NATIONAL BANK, a National Banking Association, Plaintiff-Appellant,**

v.

**Anthony W. WILLIAMS, individually, and Williams, Turner and Holmes, a Colorado partnership, and its successor in interest, Williams, Turner & Holmes, P.C., Defendants-Appellees.**

**No. 90CA0864.**

Colorado Court of Appeals, Div. III.

Aug. 1, 1991.

Epstein & Lawrence, P.C., Joseph M. Epstein, James S. Miller, Denver, for plaintiff-appellant.

Hall & Evans, Alan Epstein, Denver, for defendants-appellees.

Opinion by Judge CRISWELL.

In this action for professional negligence and breach of contract, Palisades National Bank, plaintiff, appeals from the summary judgment dismissing its complaint against defendants, Anthony W. Williams; Williams, Turner & Holmes, a Colorado partnership; and Williams, Turner & Holmes, P.C. (Williams). We affirm.

The bank sought damages arising out of Williams' legal representation of the bank in 1979 in connection with the bank's purchase of real property in Mesa County. The complaint, filed on November 14, 1989, alleged that Williams had failed to include within an agreement that he drafted for the bank a provision requiring both the bank and the seller to undertake the mutual development of the land purchased by the bank and the abutting property owned by the seller.

Williams answered the complaint, asserting as an affirmative defense that the bank had failed to bring its claims within the time permitted by the statute of limitations. Williams also filed a motion to dismiss, asserting that the bank's claims were time-barred. Both parties filed briefs and affidavits directed to this issue. The trial court treated Williams' motion as one for summary judgment, determined that the bank's claims were barred by the applicable statute of limitations, and dismissed its complaint.

The bank contends that summary judgment was improper because genuine issues of material fact existed as to when its claims against Williams accrued. We disagree.

■ If the undisputed fact clearly show that a plaintiff discovered, or reasonably should have discovered, an attorney's negligent conduct as of a particular date, the issue may be decided as a matter of law. *Morris v. Geer,* 720 P.2d 994 (Colo.App. 1986).

■ Here, in his affidavit, the bank's president stated that he signed the land purchase agreement on December 31, 1979. In his deposition he stated that, in September 1986, he discovered that the signed agreement did not contain a reciprocal building provision so that, while the seller could require the bank to develop its property, there was no explicit parallel obligation on behalf of the seller. He also said that he learned at this time that the seller intended to enforce the contract as written.

In October 1986, the bank retained another law firm in an attempt to resolve the problem concerning the reciprocal building provision. On November 3, 1986, the bank's president met with the seller and acknowledged that no reciprocal building provision had been included in the agreement.

These undisputed facts establish that, at least by November 3, 1986, the bank knew, or reasonably should have known, all of the essential facts respecting Williams' alleged negligence in preparing the agreement. In addition, by that date it knew that the other party to this contract intended to attempt to enforce its provisions as written. Finally, by that date it had incurred financial obligations to its new attorney, which obligations were incurred solely because of the lack of a reciprocal building provision in the agreement drafted by Williams.

Based upon these undisputed facts, we conclude that, because the bank knew, or should have known, of the facts giving rise to a claim against Williams, and because it had already sustained some damage, the bank's claim accrued against Williams as of that date, irrespective whether that claim is classified as one arising in tort or in contract. *See* § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A); *Morris v. Geer, supra.*

Relying on *Doyle v. Linn,* 37 Colo.App. 214, 547 P.2d 257 (1975), however, the bank also contends that the statute of limitations did not begin to run until November 17, 1987, the date the bank was sued by the seller on the agreement for specific performance of its obligation to build a bank on the purchased property. We disagree.

In *Doyle v. Linn, supra,* which involved a claim against a surveyor, the question whether it was the defendant's survey or a later survey prepared by another surveyor which was in error was legitimately contested in the underlying litigation. And, it was not until that litigation determined this question that it could be said that the plaintiff should have known of the original surveyor's negligence.

Here, in contrast, for purpose of summary judgment there was no legitimate question raised respecting Williams' error in drafting the agreement. Indeed, the defenses asserted by the bank in the litigation with its seller were based either upon implied obligations arising from the agreement or upon facts aliunde that agreement. It was, therefore, unnecessary for the bank to await the termination of that litigation before being charged with knowledge of Williams' negligence.

■ In *Morris v. Geer, supra,* this court stated that, in determining when a legal malpractice action accrues, the critical factor is when a plaintiff has knowledge of matters that would put a reasonable person on notice of the general nature of the damage that has been caused by the lawyer's wrongful act. Uncertainty as to the precise extent of damage neither precludes the filing of a suit nor delays the accrual of a claim for purposes of the state of limitations. Rather, as stated in *Dixon v. Shafton,* 649 S.W.2d 435 (Mo.1983):

"The most that is required is that some damages have been sustained, so that the claimants know that they have a claim for some amount."

■ Thus, once a plaintiff becomes aware of his attorney's negligence and damage in the form of legal fees is incurred to ameliorate the impact of that negligence, he has suffered injury for pur-

poses of the accrual of a legal claim. Uncertainty as to the total extent of the damages does not delay accrual of the claim itself.

Here, no later than November 3, 1986, the bank was aware of Williams' claimed negligence, and it had incurred financial obligations to attempt to escape or minimize further damages flowing therefrom. It was by that date that plaintiff's claim accrued. Hence, because the bank failed to institute this suit against Williams until November 14, 1989—more than three years later—its claim was barred by the statute of limitation.

Judgment affirmed.

TURSI and PLANK, JJ., concur.