Jay **VANDERLOOP**, Plaintiff,

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY,**
Defendant.

**No. 90–C–307.**

United States District Court,
D. Colorado.

Aug. 1, 1991.

James A. Carleo, Colorado Springs, Colo., for plaintiff.

Michael W. Jones, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Jay Vanderloop, a Colorado resident, commenced this negligence and bad faith action against the defendant Progressive Casualty Insurance Company (Progressive), an Ohio corporation. Asserting that the plaintiff's claims and action are time barred, the defendant has moved for summary judgment. Plaintiff has responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not materially

facilitate decision. Diversity jurisdiction exists under 28 U.S.C. § 1332.

### I. Facts.

In July 1983, Vanderloop was involved in a car accident with Freeland H. Mattison. Vanderloop was insured by Progressive, but the policy, as modified by Colorado law, provided only $25,000 coverage.

Mattison later commenced a negligence action in state court against Vanderloop. In June 1984, Mattison's attorney demanded that Progressive pay its policy limits. Progressive refused.

In a letter to his client mailed February 1, 1985, Progressive's attorney Thomas J. Barton valued Mattison's claim at $10,000 to $20,000. (Plaintiff's brief, Ex. 3). In April 1986, Progressive filed an offer of judgment for $4,000. *Id.*, Ex. 5. In 1986, about four weeks before trial, Barton reevaluated the claim, this time assigning it a value of $18,000. *Id.*, Ex. 4.

At trial, the court directed a verdict for the plaintiff Mattison on liability. On January 7, 1987, the jury returned a verdict against Vanderloop for $150,000. Progressive paid the $25,000 owed under its policy into the court's registry, and immediately filed an appeal. On December 1, 1988, the Colorado Court of Appeals affirmed.

Plaintiff commenced this action on January 31, 1990, asserting that Progressive's bad faith in failing to settle the state court action exposed him to an excess liability judgment.

### II. Analysis.

Summary judgment is proper if the pleadings, depositions and affidavits, if any, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

 Plaintiff's negligence and bad faith claims, both sounding in tort, are governed by Colo.Rev.Stat. § 13–80–102(1)(a),[1]

---

1. Plaintiff asserts that a six-year limitations period, in effect prior to 1986, is applicable. (Plaintiff's brief, p. 5). Because I conclude that the

providing that a tort action must be commenced within two years after the cause of action accrues. A tort action accrues on the date the injury and its cause became known or, through the exercise of reasonable diligence, should have been known. Colo.Rev.Stat. § 13–80–108.

■ The key question here is when the bad faith claim ripened into a viable cause of action to start the statute of limitations' running. Citing various communications between Mattison and Vanderloop, (see defendant's brief, p. 6–7), Progressive asserts that the plaintiff had actual knowledge of his bad faith claim as early as May 19, 1987, and no later than June 20 that year. Because this lawsuit was not commenced until January 31, 1990, Progressive argues, the action is barred by Colorado's two year statute governing torts. *Id.*

Plaintiff counters that the bad faith action did not accrue until December 1, 1988, the day the Colorado Court of Appeals rendered final judgment in the underlying negligence case, and that suit was timely filed less than two years later.

In *Torrez v. State Farm Mutual Automobile Ins. Co.*, 705 F.2d 1192 (10th Cir. 1982), the Tenth Circuit addressed the question of when an action alleging an insurance company's bad faith failure to settle accrues. In *Torrez*, the plaintiff had successfully prosecuted a negligence action in state court, and had obtained an excess judgment against the defendant's estate. The administrator of the defendant's estate thereafter assigned to the plaintiff any claim the estate had against the defendant's insurer for bad faith failure to settle the tort claim within policy limits. *Id.* at 1194.

Defendant in the subsequent bad faith suit asserted that the claim was time barred because the alleged wrongful conduct—failure to settle within policy limits— had occurred before the verdict in the state trial was rendered and more than four years prior to the date the bad faith action was commenced. *Id.* at 1202.

The Tenth Circuit rejected the defense argument, however, holding that the action had not accrued, and the applicable four-year New Mexico statute of limitations had not commenced running:

"until the [trial court's] judgment was final.... Only then could [the defendant's] right against State Farm for exposing the [defendant's] estate to excess liability be perfected and assigned. It was only then that the excess liability was established." *Torrez*, 705 F.2d at 1202 (*citing Ginn v. State Farm Automobile Ins. Co.*, 417 F.2d 119, 122 (5th Cir.1969)).

Citing *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138 (Colo.1984), Progressive contends that the Tenth Circuit's holding in *Torrez* is contrary to Colorado law. In *Trimble*, the insurer, defending in a pending state court negligence suit, commenced a separate declaratory judgment action seeking a determination that its policy did not provide coverage for a negligent entrustment claim asserted by the state suit's plaintiff. *Id.* at 1140. The insured counterclaimed, alleging insurer misconduct in handling the insurance claim, as well as other torts. *Id.*

While the declaratory judgment action was pending, the underlying negligence action was settled. The district court thereafter dismissed the insured's counterclaims in the declaratory judgment action for failure to state a claim. *Id.* at 1139. The Colorado Court of Appeals reversed, and the insurer appealed.

The sole question before the Colorado Supreme Court was "whether evidence of intentional conduct is necessary to establish the tort of bad faith breach of an insurance contract." *Id.* at 1139. Affirming the Court of Appeals' decision, the Colorado Supreme Court stated that "the standard applicable to establish the tort of bad faith remains one of reasonableness under the circumstances." *Id.* at 1142. Consistent with that standard, the Court rejected the insurer's contention that absent actual exposure of an insured to a judgment in excess of policy limits, there can be no

instant action accrued after 1986, I need not address that argument.

breach of an insurer's duty of good faith. *Id.*

Contrary to Progressive's assertion here, *Torrez,* 705 F.2d 1192, is not inconsistent with Colorado law in either its reasoning or its result. The insurer in *Trimble* settled the underlying tort action prior to trial. Unlike the plaintiffs in *Torrez* and the instant case, the insured in *Trimble* did not, and could not, assert in the related declaratory judgment action the insurer's bad faith failure to settle. Rather the bad faith conduct there alleged was the insurer's refusal to provide insurance coverage and a defense clearly mandated under controlling law. *Trimble,* 691 P.2d at 1140 n. 3. By noting in *Trimble* that an insurer's duty of good faith can be breached before judgment in the case is rendered, the Colorado Supreme Court merely restated elemental tort law that a tort claim is stated when an injury allegedly caused by breach of a recognized duty is evident. *Id.* at 1142.

Here the state trial court entered its judgment in the underlying negligence action on January 7, 1987. Progressive immediately appealed. While the plaintiff may have been aware in January 1987 that he *potentially* might have a bad faith claim against Progressive, it is obvious that he did not then know whether in fact he had suffered or would suffer any tort injury entitling him to damages. The Tenth Circuit's holding in *Torrez* that a final judgment establishing an insured's liability for an amount in excess of coverage constitutes the accrual date of a bad faith action predicated on the insurer's failure to settle the underlying tort action governs this case.

■ That view reflects the basic elements necessary to state any tort claim: (1) a duty, (2) breach of the duty, and (3) injury caused by the breach. When, as here, the economic injury alleged is the actual imposition of an excess liability judgment on the insured, the harm or damages element of the bad faith tort claim necessarily remains uncertain and speculative until final judgment on appeal either establishes that exposure or dissolves any liability. The tort simply is not complete until the plaintiff's injury is established.

Under Colo.Rev.Stat. § 13–80–102, the plaintiff's right to proceed against Progressive accrued when the *injury became known.* On December 1, 1988, the Colorado Court of Appeals rendered final judgment on the underlying negligence action thus establishing the instant plaintiff's liability for a judgment exceeding coverage. Progressive defies both law and logic in arguing that this bad faith action should have been brought earlier. Plaintiff could not earlier have asserted, within the bounds of Fed.R.Civ.P. 11, that Progressive's conduct had created a justiciable controversy by actually exposing him to an excess liability judgment.

I conclude that, under the circumstances here presented, the action asserting insurance company bad faith failure to settle resulting in an excess liability judgment against the insured accrued when excess liability ultimately was established. I further conclude that excess liability was not established, and the controlling statute of limitations therefore did not commence running, until judgment on appeal became final. It follows that the instant action accrued on December 1, 1988, and was timely filed less than two years later on January 31, 1990.

Accordingly, IT IS ORDERED that:
(1) the defendant's motion for summary judgment is denied; and
(2) the parties and their counsel are ordered to meet and confer within eleven days of this order in a good faith attempt to settle the case without further litigation, expense or delay. The parties shall report to this court in writing within fifteen days of this order, stating the results of their settlement negotiations and whether a settlement conference before a Magistrate Judge, or some other alternative dispute resolution proceeding, would facilitate settlement.