Jewel B. and Esta O. CALLAHAM, Plaintiffs–Appellees and Cross–Appellants,

v.

FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, Defendant–Appellant and Cross–Appellee.

No. 91CA1568.

Colorado Court of Appeals, Div. I.

Aug. 20, 1992.

Douglas S. Durkin, Las Cruces, N.M., for plaintiffs-appellees and cross-appellants.

James J. Dufficy, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge PIERCE.

Defendant, First American Title Insurance Company, appeals a judgment of the trial court which awarded damages in accordance with jury verdicts to plaintiffs, Jewel B. and Esta O. Callaham, on their claims of negligence and negligent misrepresentation. On cross-appeal, plaintiffs claim error from a directed verdict granted in favor of defendant on their claim under the Colorado Consumer Protection Act. We reverse that portion of the judgment which found plaintiffs' claims had been timely commenced during the effective limitations period and vacate the order of prejudgment interest. We affirm the order of costs. We also affirm the dismissal of plaintiffs' consumer claim.

## I.

Plaintiffs' claims are the result of a conveyance of property for which defendant was to issue title insurance. As relevant here, plaintiffs asserted claims for negli-

gence and negligent misrepresentation. The conveyance occurred in 1985. The statute of limitations for tort actions was amended in 1986. *See* Colo.Sess.Laws 1986, ch. 114, § 1 at 695. Plaintiff's claims accrued, pursuant to the jury's finding, on July 31, 1987, and plaintiffs filed their complaint on October 9, 1990.

■ Defendant contends that the trial court erred in refusing to dismiss plaintiffs' claims as barred by the statute of limitations as set forth in § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A). Plaintiffs argue that the previous statute, § 13–80–110, C.R.S., applies and their claims were timely brought within the prescribed period. We conclude that § 13–80–102(1)(a) establishes the applicable limitations period and, therefore, rule that plaintiffs' claims were untimely commenced outside the relevant period.

Under the earlier statute, plaintiffs were required to commence an action within six years after the cause of action accrued. Section 13–80–110, C.R.S. The limitations period set forth in § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A) requires an action to be commenced within two years after the action accrues. This statute became effective July 1, 1986, and applies to claims for relief arising on or after that date. The critical legislative language here requires that "[a]ny action commenced on or after July 1, 1986, to assert a claim for relief arising before July 1, 1986, shall be commenced within the time limits applicable to such claim when it arose." Colo.Sess.Laws 1986, ch. 116, § 23(2) at 709.

Plaintiffs defend application of the earlier statute by seeking to distinguish between when their claims arose and when their claims accrued. Plaintiffs argue that their claims *arose* between August 1985 and February 1986, when the alleged negligence and negligent misrepresentations by defendant occurred. In accordance with the jury's finding, their claims *accrued* by July 1, 1987, when they discovered or should have discovered the loss, damage, or conduct giving rise to the claim. By this distinction, plaintiffs argue that, in accordance with Colo.Sess.Laws 1986, ch. 116,

§ 23(2), the earlier statute of limitations was in effect when their claims arose and is therefore the source of the applicable limitations period. They maintain that the date of accrual simply starts that limitations period running.

The relevant legislative language does not bear out this distinction. Rather, the critical factor by which to determine the applicable limitations period is when plaintiffs had a claim to assert.

■ The amendment to the limitations statute does not alter the rule that the statute in effect on the date when a plaintiff's claim accrues governs the time within which an action must be commenced. *In re Interrogatory of U.S. District Court: First Interstate Bank v. Piper Aircraft Corp.*, 744 P.2d 1197 (Colo.1987); *J.E.S. v. F.F.*, 762 P.2d 703 (Colo.App.1988). This limitations period does not begin to run until a plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the existence of facts forming the basis of a claim for relief. *In re Interrogatory of U.S. District Court: First Interstate Bank v. Piper Aircraft Corp., supra.*

■ To recover on a claim of negligence, a plaintiff must show that damages were suffered as a proximate result of defendant's negligence. *CJI–Civ.3d* 9:2 (1988); *Doyle v. Linn*, 37 Colo.App. 214, 547 P.2d 257 (1975). The elements necessary to sustain a claim of negligent misrepresentation are set forth in *CJI–Civ.3d* 9:3B (1988). Without the occurrence or existence of each of these elements, and if there are no responsive defendants, there is no cause of action. *Ellis v. Colorado National Bank*, 84 Colo. 266, 269 P. 997 (1928); *see Doyle v. Linn, supra.*

Plaintiffs here argue that their claims arose when the conduct by defendants, which later formed the basis of their claims, occurred. We disagree.

To determine the effective limitations period, the General Assembly requires that there first be a claim for relief. *See* Colo. Sess.Laws 1986, ch. 116 at 709. Although defendant's conduct which ultimately gave rise to plaintiffs' claims occurred in 1985,

there was no claim in existence prior to the time that plaintiffs discovered, not only the conduct or acts of defendant, but also discovered their injuries and that defendant's conduct was a cause thereof. *See Jones v. Cox*, 828 P.2d 218 (Colo.1992). Thus, since plaintiffs had no claim to commence during the effective period of the earlier statute, the trial court erred in its conclusion that "the case was commenced within the six-year statute that existed at the time the claim arose."

In accordance with Colo.Sess.Laws 1986, ch. 116 at 709, plaintiffs' claims for relief came into existence and were commenced after July 1, 1986. Therefore, the applicable statute of limitations is that set forth in § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A). Accordingly, plaintiffs' claims were commenced outside the relevant limitations period and are not viable.

## II.

Defendant was awarded costs pursuant to § 13–17–202(1)(a)(II) (1991 Cum.Supp.) for actual costs accruing after an offer of settlement. Defendant argues that the trial court abused its discretion in refusing to allow costs for jury meals, deposition travel and transcript costs, and costs for subpoena service. We perceive no abuse of discretion in the costs awarded.

An award of costs here became mandatory under § 13–17–202(1)(a)(II) once plaintiffs rejected the settlement offer. However, the particular costs awarded are at the discretion of the trial court. *Dorrance v. Family Athletic Club*, 772 P.2d 667 (Colo. App.1989); *see* § 13–16–122, C.R.S. (1987 Repl.Vol. 6A).

The trial court disallowed deposition fees, citing *Shultz v. Linden–Alimak, Inc.*, 734 P.2d 146 (Colo.App.1986), disallowed subpoena service fees without explanation, and stated that jury meal fees were not recoverable. Pursuant to § 13–16–122(1)(b), C.R.S. (1987 Repl.Vol. 6A), any costs assessed by a trial court may include jury fees and expenses, including jury meal fees. *See* § 13–70–105, C.R.S. (1987 Repl. Vol. 6A). They may also include fees for transcripts necessarily obtained, costs for the taking of depositions for the perpetuation of testimony, and fees for service of process. Sections 13–16–122(1)(d), 13–16–122(1)(g), 13–16–122(1)(i), C.R.S. (1987 Repl. Vol. 6A).

Expenses of taking depositions prior to trial are normally disallowed as items of costs unless they are taken for the perpetuation of testimony. *Shultz v. Linden–Alimak, Inc., supra.* Here, it is undisputed that the witness for whom defendant seeks the costs of the deposition testified at trial. Defendant's assertion that it could not compel this witness' presence does not render the deposition one for perpetuation of testimony. *See Weber v. Wallace*, 789 P.2d 427 (Colo.App.1990).

Finally, the statute allows, but does not mandate, costs for jury fees and service of process. Defendant asserts that the costs were necessary, but there is nothing in the record to verify that necessity. Therefore, there is no showing of an abuse of discretion by the trial court. *See Jorgensen v. Heinz* (Colo.App. No. 91CA1162, August 13, 1992).

## III.

Defendant next contends that the trial court erred in awarding plaintiffs prejudgment interest. However, since plaintiffs' claims are barred by the statute of limitations, there is no judgment upon which to base an award of prejudgment interest, and such award must be vacated.

## IV.

On cross-appeal, plaintiffs contend that the trial court erred in granting defendant's motion for a directed verdict and dismissing their claim under the Colorado Consumer Protection Act, § 6–1–101, et seq., C.R.S. We disagree.

A motion for a directed verdict is properly granted if the evidence, considered in a light most favorable to the non-moving party, compels the conclusion that reasonable persons would not disagree and when no evidence has been presented that could sustain a jury's verdict against the

moving party. *United Bank v. One Center Joint Venture*, 773 P.2d 637 (Colo.App. 1989).

In their complaint, plaintiffs allege that defendant made misleading statements as to the qualities of the property during the course of the real estate transaction, which constitute to deceptive trade practices in violation of the Consumer Protection Act. However, the trial court found that the Act does not apply to the circumstances here which involve a single transaction, rather than a course of conduct, from which a party claims some misrepresentation. As such, the trial court found that plaintiffs could not show deceptive trade practices.

As defined in § 6–1–105(1), C.R.S., certain deceptive trade practices require that a defendant knowingly make a false representation. Here, the jury found in favor of defendant on all claims other than negligence, and the record on appeal contains nothing other than plaintiffs' complaint to support their allegations of deceptive trade practices. Accordingly, we perceive no error by the trial court in dismissing plaintiffs' claim on defendant's motion for a directed verdict.

The judgment awarding damages and pre-judgment interest to plaintiffs on their claims for negligence and negligent misrepresentation is reversed. The judgment of dismissal of plaintiffs' Colorado Consumer Protection Act claim is affirmed. The order awarding costs to defendant is also affirmed.

HUME and HODGES *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, § 5(3),        and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).