**Margo K. JACOBSON, f/k/a Margo K. Goldberg, Plaintiff–Appellant,**

**v.**

**Kevin Z. SHINE, Theodore Epstein, Jr., Cinderella Epstein, as Personal Representative of the Estate of Frederick Epstein, and Lozow & Lozow, P.C., a Colorado Professional Service Corporation f/k/a Epstein, Epstein & Lozow, P.C., Defendants–Appellees.**

No. 92CA1175.

Colorado Court of Appeals,
Div. I.

Aug. 26, 1993.*

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

* Opinion previously announced as non-published May 27, 1993 is now selected for publication.

Musgrave & Theis, Jane G. Ebisch, Craig D. Joyce, Denver, for plaintiff-appellant.

Treece, Alfrey & Musat, P.C., Robert S. Treece, Evan M. Zuckerman, Denver, for defendants-appellees.

Opinion by Judge NEY.

In this action to recover damages for alleged legal malpractice, plaintiff, Margo K. Jacobson, appeals from the summary judgment which dismissed as untimely her complaint against Kevin Z. Shine, Theodore Epstein, Jr., Cinderella Epstein, as Personal Representative of the Estate of Frederick Epstein, and Lozow & Lozow, P.C., defendants. We affirm.

The complaint filed in December 1991 alleged that, in 1981, plaintiff engaged the law firm of Epstein, Epstein, and Lozow, P.C., to represent her in marital dissolution proceedings. It further alleged that, at a hearing in December 1981, defendant Shine (then an associate with the Epstein, Epstein, and Lozow firm) negligently stipulated to a modification of a temporary order to allow a trustee in liquidation to take possession of and sell two million shares of stock held as marital property to satisfy a judgment against plaintiff's husband. The trustee sold the stock in 1983 for $222,500.

According to the complaint, the question of plaintiff's marital rights in the stock was subsequently litigated in the federal courts. In 1986, the federal district court determined that the trustee had obtained the proceeds from the sale of the stock free and clear of plaintiff's equitable interest because she had failed to object to her former counsel's waiver in a timely fashion and the waiver of that interest was binding. In January 1990, the U.S. Court of Appeals for the 10th Circuit affirmed that holding. Thereafter, plaintiff initiated malpractice proceedings against defendants.

Defendants here filed an answer to plaintiff's legal malpractice claim in which they asserted the statute of limitations as an affirmative defense. They also filed a motion for summary judgment with supporting documents and asserted that plaintiff's claims accrued no later than January 1984 when a bankruptcy judge sitting as a special master ruled that the stipulation barred plaintiff from any recovery of the stock. Defendants asserted that plaintiff's claim was barred by the then-applicable six-year statute of limitations, § 13–80–110, C.R.S. (1973 Vol. 6).

Plaintiff filed a response to the motion asserting that she was unaware of and thus did not knowingly consent to her former counsel's waiver of her marital interest in the stock at the December 1981 hearing. Nevertheless, the response acknowledged that the waiver did occur at that hearing and that defendants' negligent conduct consisted of the events surrounding that waiver.

The response further stated that plaintiff's substituted counsel did not learn of the stipulation constituting the waiver until December 1983, when the trustee asserted

plaintiff's waiver as a bar to her claim. It also argued that, although plaintiff may have previously known of the facts underlying her malpractice claim, she did not know that defendants' actions amounted to negligence until 1990 when the federal appellate court issued its opinion affirming the federal district court.

Thereafter, the parties agreed that the trial court could rule on the statute-of-limitations question as a matter of law based upon the stipulated facts, and it entered the summary judgment of dismissal here at issue.

Plaintiff contends that the trial court erred in dismissing her complaint as untimely. In support of this contention, and relying upon *Doyle v. Linn,* 37 Colo.App. 214, 547 P.2d 257 (1975), she argues that her legal malpractice claim did not accrue until January 1990 when the U.S. Court of Appeals for the Tenth Circuit issued its final opinion affirming the 1986 federal district court judgment which held that plaintiff had waived any rights to the stock. Therefore, she argues that the negligence action was timely filed within two years as required by § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A). We are not persuaded.

■ The statute of limitations for an action against an attorney for legal malpractice commences to run at the time the client discovers, or through the use of reasonable diligence should have discovered, the negligent act of the attorney. *Morris v. Geer,* 720 P.2d 994 (Colo.App.1986). Further, once a plaintiff becomes aware of her attorney's negligence, and damage in the form of legal fees is incurred to ameliorate the impact of that negligence, she has suffered injury for purposes of the accrual of a legal claim. *Palisades National Bank v. Williams,* 816 P.2d 961 (Colo.App. 1991).

■ Here, the stipulated facts showed that plaintiff's substituted counsel learned of the 1981 waiver in December 1983. Although her new counsel "immediately denied [that] Shine's stipulation amounted to [a] waiver and adhered to that position throughout the course of the litigation and appeals," in January 1984, the federal bankruptcy judge denied plaintiff's claim to any interest in the stock proceeds.

The federal district court affirmed that denial in December 1986. In its opinion, the court determined that, in December 1981, plaintiff's former counsel agreed to permit the stock proceeds to be applied to the judgment against her husband. It further held that plaintiff's claim to an equitable interest in those proceeds was barred by her failure to file a timely objection with the bankruptcy court.

These undisputed facts demonstrate that plaintiff discovered defendants' allegedly negligent conduct and incurred legal fees to ameliorate the impact of that conduct no later than January 1984. Accordingly, the trial court properly determined that plaintiff's legal malpractice claim was barred by the then applicable six-year statute of limitations. *See Palisades National Bank v. Williams, supra; Morris v. Geer, supra.*

Contrary to plaintiff's contention, *Doyle v. Linn, supra,* does not require a different conclusion. Here, unlike *Doyle,* it was not necessary for plaintiff to await the outcome of her appeal before being charged with knowledge of defendants' negligence.

■ Finally, we reject plaintiff's contention that the statute of limitations was tolled for four additional years pending the outcome of the federal appeal. A pending appeal does not postpone the finality of an otherwise final judgment, and an injury does not disappear because a more final adjudication of the result is sought. *See Miller v. Lunnon,* 703 P.2d 640 (Colo.App. 1985); R. Mallen & J. Smith, *Legal Malpractice* § 18.11, p. 111 (3d ed. 1989).

Judgment affirmed.

PIERCE and MARQUEZ, JJ., concur.