Laurence C. HARTMAN, Plaintiff–Appellant and Cross–Appellee,

v.

DEAN WITTER REYNOLDS, INC., Defendant–Appellee and Cross–Appellant,

and

Norwest Bank–Colorado Springs, N.A., a/k/a United Bank of Colorado Springs, N.A., Defendant–Appellee.

No. 93CA1663.

Colorado Court of Appeals, Div. V.

Oct. 20, 1994.

Rehearing Denied Dec. 22, 1994.

Certiorari Granted June 30, 1995.

David B. Savitz, Denver, for plaintiff-appellant and cross-appellee.

Brega & Winters, P.C., Charles F. Brega, Wesley B. Howard, Carla B. Minckley, Denver, for defendant-appellee and cross-appellant.

Braden, Frindt, Stinar, Stimple & Stageman, LLC, Douglas M. Stimple, C. Brian Renfro, Colorado Springs, for defendant-appellee.

Opinion by Judge CASEBOLT.

Plaintiff, Laurence C. Hartman, appeals the summary judgment entered, based on the bar of the statute of limitations, in favor of defendants, Dean Witter Reynolds, Inc. (Dean Witter), and Norwest Bank—Colorado Springs, N.A., a/k/a United Bank of Colorado Springs, N.A. (Norwest). Dean Witter cross-appeals the trial court's order denying its request for attorney fees. We conclude that the doctrine of equitable tolling applies to Hartman's claims and, therefore, reverse the summary judgment in favor of Dean Witter and Norwest. We affirm the order denying attorney fees to Dean Witter and remand for further proceedings.

In 1981, Hartman opened a joint account at Dean Witter with a cosigner, escrowing funds for both under a real estate contract. The account agreement and escrow instructions required both parties' authorization prior to withdrawal of any funds and further required notification to Hartman's attorney if withdrawal was attempted.

In 1984, Dean Witter allowed the account cosigner to withdraw all of the funds from the joint account without notifying Hartman's attorney or obtaining Hartman's authorization, in violation of the account instructions. Dean Witter issued checks drawn on Norwest, naming Hartman and the cosigner as payees. Cosigner forged Hartman's endorsement on the checks, and Norwest accepted and negotiated them. Hartman discovered the improper withdrawal and negotiation of the checks in August 1984.

In October 1984, in a separate action between cosigner and Hartman, cosigner was awarded ownership of the withdrawn funds. However, that ruling was reversed on appeal and the cause was remanded for further findings. On remand, after further findings were made by the trial court, Hartman was awarded ownership of the funds in November 1990.

Hartman commenced this action in 1993 against Dean Witter and Norwest, asserting negligence, breach of contract, and claims under the Uniform Commercial Code (U.C.C.). Defendants filed separate motions for summary judgment on the basis that Hartman's claims were time-barred by the applicable statutes of limitation. The trial court granted both motions, but refused defendants' request for attorney fees incurred in defending the action.

I.

The parties concede that all of Hartman's contract, negligence, and U.C.C. claims accrued as of August 1984 because, as of that date, Hartman knew of the alleged breach of contract and knew of the injury and its cause. See § 13–80–110, C.R.S. See also Jacobson v. Shine, 859 P.2d 911 (Colo.App. 1993) (cause of action accrues for negligence when plaintiff knows of negligence and incurs some damage); Palisades National Bank v. Williams, 816 P.2d 961 (Colo.App.1991) (contract claim accrues when claimant knows of breach). Therefore, under the applicable six-year statutes of limitation, the claims were barred in 1990, absent some basis for avoiding the application of the statute.

A.

Hartman first argues that the statutes of limitation were equitably tolled under Doyle

*v. Linn,* 37 Colo.App. 214, 547 P.2d 257 (1975) and *Vanderloop v. Progressive Insurance Co.,* 769 F.Supp. 1172 (D.Colo.1991). We do not agree.

In *Doyle,* plaintiffs sought damages resulting from a negligent survey performed by the defendant. When the bar of the statute of limitations was raised as an affirmative defense, plaintiffs contended that their action was not barred because they did not know of the asserted negligence or of any damages until underlying litigation in a separate action had determined that the survey was erroneous. Hence, plaintiffs argued, a cause of action had not previously accrued. A division of this court agreed with plaintiffs.

In *Vanderloop,* plaintiff sought damages against his automobile insurance carrier for negligence and bad faith refusal to settle a third-party auto accident claim within the plaintiff's insurance policy limits. The carrier asserted that the statute of limitations barred the claim because plaintiff knew of the claim and had sustained injury more than two years prior to instituting the action. The court disagreed, holding that the claim did not accrue because the injury had not become known until a final judgment on the underlying third-party tort action was entered.

Both *Doyle, supra,* and *Vanderloop, supra,* dealt with claims of non-accrual. Here, however, the parties have agreed on the fact and date of accrual. As of August 1984, Hartman knew of a breach of contract and negligence on the part of Dean Witter and Norwest. Additionally, prior to the trial court's ruling of October 4, 1984, in the separate litigation with cosigner, Hartman had clearly sustained some damage from defendant's asserted actions. *See Martin Marietta Corp. v. Lorenz,* 823 P.2d 100 (Colo.1992). Hence, the claims did accrue, and thus, *Doyle* and *Vanderloop* are not determinative.

## B.

■ Hartman next asserts that, even if *Doyle* or *Vanderloop* do not apply, the general doctrine of equitable tolling applies in these particular circumstances. We agree.

There is a distinct difference between accrual of a claim and the tolling of the statute of limitations as to that claim. Equity provides a basis for tolling a statute of limitation in a variety of appropriate circumstances. *See Garrett v. Arrowhead Improvement Ass'n,* 826 P.2d 850 (Colo.1992) (indicating that the requirements of fairness are key to recognition of equitable tolling principles); *Strader v. Beneficial Finance Co.,* 191 Colo. 206, 551 P.2d 720 (1976) (failure to make statutorily required disclosure tolled statute); *Klamm Shell v. Berg,* 165 Colo. 540, 441 P.2d 10 (1968) (statute tolled where injuries from assault caused victim to become insane).

In *Haffke v. Linker,* 30 Colo.App. 76, 489 P.2d 1047 (1971), defendants in an action to collect a promissory note asserted that the claim was barred by the applicable limitation period. However, a division of this court rejected that contention, noting that ownership of the note was in litigation during the time the limitation period was assertedly running. The court concluded that "[u]ntil the [separate] litigation was terminated, the statute of limitations was tolled."

In *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154 (Tex.1991), plaintiffs asserted a malpractice claim against their previous attorney who had improperly handled their attempted adoption of a child. The defendants claimed the action was barred by the statute of limitations. Plaintiffs responded that they could not be required to bring their action until the underlying litigation, upon which the malpractice claim was predicated, was finally determined. The court concluded that the statute of limitations was tolled for the second cause of action because the viability of the second cause of action depended on the outcome of the first cause of action.

Here, Hartman learned of the withdrawal of the account funds and negotiation of the checks not later than August 1984. However, the trial court in the separate litigation with cosigner held in October of 1984 that Hartman was not entitled to these funds. Had Hartman prevailed on the ownership issue, no tolling would have occurred. However, until the trial court reversed its decision concerning ownership on remand in November of 1990, any attempt by Hartman to

seek damages against these defendants would have been futile and fruitless, as his lack of "ownership" of the funds would have precluded a recovery of any damages for negligence and any damages in excess of nominal damages for breach of contract.

We thus conclude that the statutes of limitation were equitably tolled here because Hartman did not have any legal interest in the funds escrowed with Dean Witter until his ability effectively to pursue his remedy against Dean Witter and Norwest was no longer curtailed by the trial court's initial ruling on ownership.

*Jacobson v. Shine, supra,* relied upon by Dean Witter, does not dictate a contrary result. There, after finding that a cause of action for professional negligence against an attorney had accrued, a division of this court rejected a contention that the statute of limitations was tolled pending the outcome of an appeal on the underlying case. However, the judgment on appeal in the underlying case in *Jacobson* had not precluded or prevented plaintiff from pursuing her claims; rather, it had confirmed her ability to pursue the claims.

Under the unique circumstances at issue, we conclude that, because ownership of the funds was initially determined adversely to Hartman in the separate litigation, and the viability of his claims here was dependent on the outcome of the separate action, the statute of limitations was equitably tolled from October 4, 1984, the date of the court's initial determination of ownership in the litigation with cosigner, until November 30, 1990, when the trial court's order on remand took effect. *See Haffke v. Linker, supra.*

Accordingly, Hartman's claims, filed on February 24, 1993, are not barred by the applicable statutes of limitation. *See* § 13–80–110(1), C.R.S. (six-year statute of limitations applies to claims that accrued prior to July 1, 1986).

Hence, the trial court erred in granting defendants' motions for summary judgment.

## II.

In view of our conclusion above, we reject Dean Witter's contention that the trial court abused its discretion in denying the request for attorney fees pursuant to § 13–17–102, C.R.S. (1987 Repl.Vol. 6A). The filing of this lawsuit was neither groundless nor frivolous. Therefore, attorney fees were not warranted. *See Hart & Trinen v. Surplus Electronics Corp.,* 712 P.2d 491 (Colo.App. 1985).

The judgment of the trial court is reversed; its order denying attorney fees is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

NEY and ROTHENBERG, JJ., concur.