**BROKER HOUSE INTERNATIONAL, LTD., a Colorado corporation, Plaintiff–Appellant,**

v.

**Edward M. BENDELOW and Bendelow and Darling, P.C., a Colorado professional corporation, Defendants–Appellees,**

**No. 96CA2039.**

Colorado Court of Appeals, Div. I.

Jan. 22, 1998.

Royce E. Tolley, Denver, for Plaintiff–Appellant.

Kennedy & Christopher, P.C., Daniel R. McCune, John R. Mann, Denver, for Defendants–Appellees.

Opinion by Judge PLANK.

In this legal malpractice action, plaintiff, Broker House International, Ltd, appeals the summary judgment granted by the trial court in favor of defendants, Edward M.

Bendelow and Bendelow & Darling, P.C. We affirm.

This case arises from defendants' legal representation of plaintiff in an underlying lawsuit. Through counsel, the parties in that case entered into a written stipulation which resulted in the dismissal of most of plaintiff's claims. Plaintiff's remaining claims were stayed pending appeal of the judgment of dismissal.

Plaintiff's counsel, defendant Edward Bendelow, testified in the underlying action that he did not intend the stipulation to have such a result. The trial court rejected plaintiff's request to withdraw, revoke, or cancel the stipulation. On appeal, the trial court's judgment was affirmed. *Broker House International, Inc. v. St. James Place Condominiums & Co.,* (Colo.App. No. 94CA0518, November 9, 1995)(not selected for official publication).

Thereafter, claiming that defendants' actions resulted in the February 28, 1994, dismissal of their underlying claims, plaintiffs submitted a complaint for malpractice on February 27, 1996. With the complaint, plaintiff's counsel submitted a check for both the docket fee and the jury fee.

When notified that the check had been returned because of insufficient funds, plaintiff paid the docket fee in cash on April 15, 1996. Plaintiff did not petition to waive such fees by appearing *in forma pauperis.* Thereafter, defendants moved for summary judgment.

The trial court found that plaintiff's cause of action for legal malpractice was premised upon alleged negligent conduct occurring on or before March 1, 1994, that the two-year statute of limitations period specified in § 13–80–102(1)(a), C.R.S.1997, therefore expired on March 1, 1996, and that plaintiff did not file this action until payment of its docket fee on April 15, 1996, which was after the statute of limitations had expired. Hence, it entered the judgment at issue.

## I.

■ Plaintiff first argues that this action was commenced within the applicable limitations period because it was filed when its complaint was accepted by the court, not when the check for docket fees was made good by cash payment. We disagree.

As relevant here, a civil action is commenced by filing a complaint with the court. C.R.C.P. 3(a)(1). The court shall have jurisdiction from the filing of the complaint. C.R.C.P. 3(b)(1). However, in all civil actions, the total docket fees must be paid at the time of first appearance, which is when the complaint is filed. *See* section 13–32–101(1), C.R.S.1997. A plaintiff filing a complaint in district court must pay a docket fee of ninety dollars. Section 13–32–101(1)(d), C.R.S.1997.

Section 13–16–103, C.R.S.1997, provides that if a court is satisfied that a litigant is unable to pay the costs and expenses of a civil action, it may grant a petition to prosecute or defend an action without payment of costs. *Walcott v. District Court,* 924 P.2d 163 (Colo.1996).

Plaintiff correctly points out that court rules do not require that docket fees be paid in cash or certified funds. *See Tassian v. People,* 731 P.2d 672 (Colo.1987) (district court's refusal to accept personal checks from *pro se* litigants violated equal protection). However, we are not aware of any Colorado authority which specifically addresses when a complaint, tendered with a check subsequently returned because of insufficient funds but made good with cash, is deemed to be "filed" with the court for purposes of the statute of limitations.

Defendants cite numerous authorities from other jurisdictions which hold that the filing of an action without proper payment of fees does not toll the running of the statute of limitations. *See Jarrett v. U.S. Sprint Communications Co.,* 22 F.3d 256 (10th Cir.1994); *Robinson v. America's Best Contacts & Eyeglasses,* 876 F.2d 596 (7th Cir.1989); *De-Gas, Inc. v. Midland Resources,* 470 So.2d 1218 (Ala.1985).

■ In Colorado, a case cannot proceed to a determination of the issues without payment of the docket fee. *Carls Construction, Inc. v. Gigliotti,* 40 Colo.App. 535, 577 P.2d 1107 (1978). The statute of limitations con-

tinues to run until all prerequisites for filing a case are met. *See Western Electrical Co. v. Pickett,* 51 Colo. 415, 118 P. 988 (1911) (prior to filing suit, nonresident corporate plaintiffs must pay the fee required to conduct business in Colorado).

However, at least under circumstances in which an inmate challenging the denial of his parole acted promptly to correct his failure to include supporting records required by statute, the granting of an amended motion to proceed *in forma pauperis* has been held to relate back to the date of the original motion. *Fraser v. Colorado Board of Parole,* 931 P.2d 560 (Colo.App.1996).

■ Upon consideration of these authorities, we hold that, if a complaint submitted to the court clerk is accompanied by an insufficient funds check, then it is not "filed" with the court for purposes of the statute of limitations. Thus, we agree with the trial court in this case that plaintiff's complaint was not filed for purposes of the statute of limitations until the filing fee was paid on April 15, 1996.

## II.

■ Plaintiff argues that its cause of action for legal malpractice did not accrue until the appeal of the underlying action was resolved. We disagree.

Plaintiff concedes that it initially learned of defendants' acts that might lead to malpractice at a February 28, 1994, hearing which was held in the underlying litigation. There, defendants admitted they might have committed malpractice.

However, plaintiff claims that it was not aware of any damages incurred as a result of that malpractice until March 13, 1996, when the mandate was issued in the underlying appeal. Plaintiff also argues that it did not incur legal fees until after April 15, 1994.

■ To establish a *prima facie* case of legal malpractice, a client must show that the attorney breached a duty of care owed to the client and that the client suffered damages as a result of the breach. *Fleming v. Lentz, Evans, & King, P.C.,* 873 P.2d 38 (Colo.App. 1994).

■ The statute of limitations for a legal malpractice action commences running at the time the client discovers, or through use of reasonable diligence should have discovered, the negligent act of the attorney. Such a determination is normally a question of fact. The focus is on a plaintiff's knowledge of facts that would put a reasonable person on notice of the general nature of damage and that the damage was caused by the wrongful conduct of an attorney. *Morris v. Geer,* 720 P.2d 994 (Colo.App.1986). *See* § 13–80–108(1), C.R.S.1997.

■ If the evidence clearly shows that the client discovered or should have discovered the negligent conduct and damage as of a particular date, the issue may be decided as a matter of law. *Palisades National Bank v. Williams,* 816 P.2d 961 (Colo.App.1991).

■ Uncertainty as to the precise extent of damage neither precludes the filing of a suit nor delays the accrual of a claim for purposes of the statute of limitations. *Palisades National Bank v. Williams, supra.*

Here, when its underlying claims were dismissed by the trial court, plaintiff incurred damage and discovered that such damage may have been caused by the conduct of its attorney. Plaintiff's agent was present at a hearing on February 28, 1994, when plaintiff's counsel admitted that he may have committed malpractice. Thus, at that hearing both the injury and its cause should have been known by exercising reasonable diligence.

Hence, contrary to plaintiff's claims, the record in this case supports the trial court's findings that plaintiff's cause of action for legal malpractice was premised upon alleged negligent conduct occurring on or before March 1, 1994, and that the two-year statute of limitations period therefore expired on March 1, 1996.

Moreover, a pending appeal does not postpone the finality of an otherwise final judgment, and an injury does not disappear because a more final adjudication of the result is sought. Thus, it was not necessary for plaintiff to await the outcome of the underlying appeal before being charged with knowl-

edge of defendants' negligence. *See Jacobson v. Shine,* 859 P.2d 911 (Colo.App.1993).

## III.

■ As an alternative basis for urging that the limitations period had not run, plaintiff contends that the continuous representation rule tolls the statute of limitations during all periods that defendants represented plaintiff in the underlying action and on appeal. Hence, because defendants represented plaintiff in the underlying action until June 1994, plaintiff maintains that its claim was timely. We disagree.

The continuous representation rule acts to toll the statute of limitations until the termination of the attorneys' representation concerning the particular matter which gave rise to the claim of negligence. Such a rule, however, has not been adopted in Colorado. *Morris v. Geer, supra.*

■ Further, in an action for legal malpractice, a client's cause of action can accrue before the attorney ceases representation. *Miller v. Byrne,* 916 P.2d 566 (Colo.App. 1995). Here, we agree with the trial court that "the doctrine of continuous representation is not applicable in this case."

## IV.

■ Plaintiff also argues that the provisions of the remedial revival statute apply because the dismissal of this action for nonpayment of filing fees was "jurisdictional." We disagree.

Pursuant to the remedial revival statute, § 13–80–111(1), C.R.S.1997, if an action is timely filed but terminated because of lack of jurisdiction, a plaintiff may refile the action within 90 days of such termination. Here, plaintiff's action was not timely filed. The statute of limitations had expired by the time plaintiff's check for docket fees was made good with cash payment. The case was then dismissed.

Under these circumstances, we agree with the trial court's finding that "dismissal of this case based upon expiration of the statute of limitations is not a dismissal for lack of jurisdiction," and that § 13–80–111 is not applicable.

Judgment affirmed.

METZGER and TAUBMAN, JJ., concur.